GRUSIN *v.* STUTZ MOTOR CAR COMPANY OF AMERICA.

[No. 26,395.   Filed November 3, 1933.   Rehearing denied March 7, 1934.]

*Carey & Cox,* for appellant.
*Roemler, Carter & Rust,* for appellee.

FANSLER, J.—The appellant brought an action to recover an automobile alleged to have been unlawfully detained by the appellee. The appellee, in addition to a general denial, filed an answer and a cross-complaint admitting the allegations of the complaint to the effect that the appellant had sold the automobile in question to one Penova, who had executed a mortgage thereon to appellant, but that Penova had retained possession of said property, and alleging further that Penova had employed appellee to make, and it had made, valuable and necessary repairs, and that it asserted and held a lien on said automobile for the value of said repairs. A demurrer to this answer and cross-complaint was overruled. The cause was tried by the court, who found the facts specially and stated conclusions of law thereon in favor of the appellee, and judgment was rendered accordingly.

The errors assigned involve the question of whether a repairman's lien on an automobile takes precedence over a prior executed and recorded chattel mortgage.

The court found that on the 8th day of February, 1928, Penova, the owner of the automobile in question, executed and delivered to appellant his chattel mortgage to secure the payment of $676.80 loaned to him at the time, which mortgage was duly recorded on February 14, 1928, in Cook County, Illinois, the residence of the mortgagor; that the mortgage provides that upon failure to pay any monthly installment when due, all installments shall become immediately due and payable, and that mortgagee shall have the right to take possession of said automobile without notice; that it provides further that the mortgagor shall retain possession of the automobile until default is made, and that the mortgagor "shall keep said automobile in good repair at his own expense;" that Penova defaulted in payments in May, 1928, before the beginning of the

action; that at the time the action was commenced there was due the appellant the sum of $523.00 with interest; that on June 1, 1928, Penova, without the knowledge or consent of appellant, placed the automobile in the hands of appellee to be repaired, and requested appellee to repair the same, and that appellee did perform the necessary work and furnish the necessary materials in repairing said automobile; that the reasonable value of said repairs is $936.62, which is unpaid and due, and that the repairs so made greatly increased the value of said automobile, and were necessary to keep said automobile in good condition; that appellee at the time of making said repairs had no actual knowledge that there were any liens or claims upon or against the automobile, and that appellant had no knowledge or information that repairs were being made until after the repairs had been made; that the appellee, after making the repairs, retained possession of said automobile until the same was taken away by the writ of replevin issued in the case, and that the appellant made due demand for possession of the automobile before bringing the suit, and that appellee refused to surrender possession; that the value of the automobile at the time it was taken by the writ of replevin on July 7, 1928, was $1,250.00.

Upon the findings the court concluded the law to be that the mortgagor, Penova, was the agent of the appellant in having the repairs made on the car; that the appellee is entitled to a common-law lien in the sum of $936.62, with interest from July 7, 1928, and is entitled to recover that amount, and that in the event it is not paid with interest in thirty days, the appellee shall be entitled to receive the possession of the car for the purpose of enforcing its lien against the same.

The common-law liens of artisans and mechanics are subordinate to those created by pre-existing recorded

mortgages. There is an exception to this rule in the case of liens upon ships for necessary repairs, but although the analogy is apparent and the reasons for the exception seemingly as clear in the case of motor vehicles, it has never been applied to the latter. Where precedence is given to the common-law liens of mechanics and artisans over a prior and recorded chattel mortgage, it is based upon the express or implied assent of the mortgagee. *Watts, Trustee, et al.* v. *Sweeney et al.* (1890), 127 Ind. 116, 26 N. E. 680; *Atlas Securities Co.* v. *Grove* (1922), 79 Ind. App. 144, 137 N. E. 570.

Assent to the repairs is referred to. The lien is created by law and needs no assent.

In the case first cited this court said:

"Where property is to be retained and used by the mortgagor for a long period of time, it will be presumed to have been the intention of the parties to the mortgage, where it is property liable to such repairs, that is to be kept in repair, and when the property is machinery, or property of a character which renders it necessary to entrust it to a mechanic or machinist to make such repairs, the mortgagor in possession will be constituted the agent of the mortgagee to procure the repairs to be made, and as such necessary repairs are for the betterment of the property, and add to its value to the gain of the mortgagee, the common law lien in favor of the mechanic for the value of the repairs is paramount and superior to the lien of the mortgagee. The mortgagee is presumed in such case to have contracted with a knowledge of the law giving to a mechanic a lien.

Where the lien is purely a statutory one, or where the property is of such a character that it would not be reasonable to anticipate the necessity for any needed repairs for the period of time the property is to or does remain in the possession of the mortgagor, or when it is but reasonable to expect the mortgagor in person to care for or repair the property, in such cases a different rule may prevail."

The property concerned in the Watts Case was an engine used by a railroad company. · The Supreme Court of Ohio, in the majority opinion, in the case of *Metropolitan Securities Co.* v. *Orlow et al.* (1923), 107 Ohio St. 583, 140 N. E. 306, held that a different rule applies where liens are claimed upon a pleasure automobile. The distinction is made upon the ground that a pleasure automobile not only earns nothing, but offers greater security to the mortgagee by remaining idle. But it is the use of the property, and not the purpose for which it is used, that makes repairs necessary, and the mortgagee is benefited by the repair and rehabilitation of the property independently of any benefit that may accrue by reason of its earning power providing funds with which to pay the mortgage.

We think the entire matter must be controlled by the intention of the mortgagee as expressed in or implied from the terms of the mortgage contract.

Where the mortgagor is given the right or charged with the duty of procuring repairs, or where the contract is silent upon the subject and the property is a vehicle or machinery of such a nature that it is apparent that the object complete and fit for use, and not its component or broken parts, is relied upon by the mortgagee as security, and when it is contemplated that the property is to be used by the mortgagor, and it is of such a character that the necessity of repairs may be reasonably anticipated, necessary repairs which add to the value of the property are required to preserve the security of the. mortgagee and are a benefit to him, and authority for the mortgagor to have such repairs made will be implied from the circumstances. In either case the mortgagor will be constituted the agent of the mortgagee for the purpose of procuring repairs.

When the mortgagor, acting for himself and as the agent of the mortgagee, delivers the mortgaged property and authorizes the making of repairs or the furnishing of material and supplies therefor, a contract arises between the mortgagor and the mortgagee on the one hand and the mechanic or artisan on the other, and the law creates a lien in favor of the latter which will bind the property, notwithstanding an additional agreement between the mortgagor and the mortgagee that the mortgagee shall pay for the repairs, or even an agreement that no liens shall be incurred, since the law creates the lien and not the consent of the parties. The lien will be enforceable unless it is expressly or impliedly waived. The waiver must be intentional and it cannot be implied from terms and conditions in the mortgage contract of which the mechanic has no actual knowledge. The repairs for which the lien will be enforced must be necessary and add to the value of the property, but since the mortgagor must be treated as the agent of the mortgagee, the property will be bound for any repairs ordered by him and furnished unless they are clearly beyond this requirement.

In the Watts Case there was no provision in the mortgage that the locomotive be kept in repair, but the court held that the fact that it was left in the possession of the mortgagor to be used justified the inference that it was to be kept in repair. Here there is an express provision for repairs and that the mortgagor shall pay the expense of the repairs. It is urged that the latter provision takes this case out of the rule laid down in the Watts Case, but in this we cannot concur. The mortgagee is entitled to be paid the full amount for which the chattel is pledged. It is inconceivable that in any case it could be contemplated that the cost of necessary repairs should be deducted from the amount due the mortgagee and secured by the mortgage. In

the Watts Case it was contemplated that the mortgagor should pay the expense of any repairs. It is just as clear as though it were written in the contract as in the instant case.

It is contended by the appellant that there is no common-law lien for the repair of automobiles, but that the lien provided by statute supersedes and wipes out the old common-law lien. §10157, Burns 1926, §47-552, Burns 1933, §11185, Baldwin's 1934, is declaratory of the common-law lien and provides certain additional remedies. It contains nothing inconsistent with the common-law lien, and it will be presumed that the Legislature did not intend by statute to make any change in the common law beyond its declarations express or implied, and, since the common law is the law of this state, a common-law lien is in force. *Chicago & Erie Railroad Co.* v. *Luddington, et. al.* (1910), 175 Ind. 35, 91 N. E. 939, 93 N. E. 273.

Chapter 189 of the Acts of 1927, page 555, provides for mechanics' liens on motor vehicles and for recording and foreclosing the same, but the repealing clause provides that it shall not be construed as repealing, modifying, or amending §10157, Burns 1926.

We find no error. Judgment affirmed.