**In re William Oliver CRICKER,**
**Debtor/Appellant.**

**In re EAGLE MANUFACTURING**
**INDUSTRIES, INC.,**
**Debtor/Appellant.**

**In re EAGLE DEVELOPMENTS, INC.,**
**Debtor/Appellant.**

**No. L84–50.**

United States District Court,
N.D. Indiana,
Hammond Division.

Jan. 29, 1985.

Gary L. Hostetler, Indianapolis, Ind., for debtor.

## MEMORANDUM AND ORDER

ALLEN SHARP, Chief Judge.

This case is an appeal from an Order entered January 9, 1984 by the United States Bankruptcy Court, Northern District of Indiana, Hammond Division at Lafayette, dismissing debtors' petition under Chapter 11 of the Bankruptcy Code. The issue on this appeal is whether the Bankruptcy Court can *sua sponte* dismiss a Chapter 11 proceeding.

■ Federal Rule of Bankruptcy Procedure 8013 governs the district court's authority to review the decision of the bankruptcy court. That rule provides that the district court is bound to accept the bankruptcy court's findings of fact unless they are clearly erroneous. However, this court is not so restricted in reviewing the bankruptcy court's interpretations of law. *Matter of Evanston Motor Co., Inc.*, 735 F.2d 1029 (7th Cir.1984); *see, e.g., In the matter of Neis*, 723 F.2d 584 (7th Cir.1983); Fed.R.Bankr.P. 8013. The issue raised on this appeal does not challenge the bankruptcy court's findings of fact but rather its interpretation of law. Accordingly, this court must independently determine the accuracy of the legal conclusions adopted by the bankruptcy judge on the basis of the facts shown. *In re Pickus*, 26 B.R. 171, 173 (D.C.Conn.1982).

The facts of this case reveal the following. On November 17, 1983, the debtors filed a petition under Chapter 11, Title 11 of the United States Code. On November 28, 1983, the Bankruptcy Court *sua sponte* scheduled a hearing for December 9, 1983 as to why the proceeding should not be dismissed. At that hearing, no evidence was presented but counsel were given an opportunity to present their positions. From the transcript, it appears that a prior Chapter 11 petition on behalf of the debtors had been filed and the debtors had continued to operate their business for about 18 months. The Bankruptcy Court then converted that proceeding to one under Chapter 7 and the debtors requested the petition be dismissed, which it was. Debtors then filed another petition under Chapter 11 for the purpose of having the court oversee an orderly liquidation. The dismissal of that petition is the basis of the present appeal.

Under the Bankruptcy Reform Act of 1978, the dismissal or conversion of a case under Chapter 11 is governed by 11 U.S.C. § 1112. Section 1112(b) provides:

(b) Except as provided in subsection (c) of this section, on request of a party in interest, and after notice and a hearing, the court may convert a case under this chapter to a case under chapter 7 of this title or may dismiss a case under this chapter, whichever is in the best interest of creditors and the estate, for cause, including—

(1) continuing loss to or diminution of the estate and absence of a reasonable likelihood of rehabilitation;

(2) inability to effectuate a plan;

(3) unreasonable delay by the debtor that is prejudicial to creditors;

(4) failure to propose a plan under section 1121 of this title within any time fixed by the court;

(5) denial of confirmation of every proposed plan and denial of additional time for filing another plan or a modification of a plan;

(6) revocation of an order of confirmation under section 1144 of this title, and denial of confirmation of another plan or a modified plan under section 1129 of this title;

(7) inability to effectuate substantial consummation of a confirmed plan;

(8) material default by the debtor with respect to a confirmed plan; and

(9) termination of a plan by reason of the occurrence of a condition specified in the plan.

In deciding this case, the court must determine whether the language "on request of a party in interest, and after notice and a hearing" prohibits a court from dismissing or converting a Chapter 11 case on its own motion.

█ In researching this issue, this court has found one case that held that a bankruptcy court cannot dismiss or convert a Chapter 11 case on its own motion, *In re Warner*, 30 B.R. 528 (9th Cir.Bkrcy.App. 1983) and three cases where the court found that such action is permissible. *Matter of Nikron, Inc.*, 27 B.R. 773 (Bkrptcy. Ct.E.D.Mich.1983); *In re Kors, Inc.*, 13 B.R. 676 (Bkrptcy.Ct.D.Ver.1981); *In re Stahl, Asano, Shigetomi & Associates*, 7 B.R. 181 (Bkrptcy.Ct.D.Hi.1980). This court finds the reasoning of the latter cases more convincing and accordingly holds that a Bankruptcy Court can *sua sponte* dismiss or convert a Chapter 11 case. However, the court further finds that such action can only be taken after notice and hearing at which evidence can be presented in order to provide a factual basis for the Bankruptcy Court's decision. In the case presently before the court, a hearing was held but the parties were not given an opportunity to present evidence with respect to whether cause existed for the dismissal. Accordingly, this case is REMANDED to the United States Bankruptcy Court, Northern District of Indiana, Hammond Division at Lafayette for further proceedings consistent herewith. SO ORDERED.