**CHURCH BROS. BODY SERVICE, INC., Appellant–Plaintiff,**

v.

**MERCHANTS NATIONAL BANK AND TRUST COMPANY of INDIANAPOLIS, and Jeff Zweber, Appellees–Defendants.**

No. 49A02–8906–CV–249.[1]

Court of Appeals of Indiana, First District.

Sept. 4, 1990.

Stephen J. Peters, William N. Ivers, Stewart Irwin, Indianapolis, for appellant-plaintiff.

William C. Potter II, Dann Pecar Newman, Talesnick & Kleiman, Indianapolis, for appellees-defendants.

---

1. This case was assigned to the writing judge on July 17, 1990.

RATLIFF, Chief Judge.

## STATEMENT OF THE CASE

Church Bros. Body Service, Inc., (Mechanic) appeals the trial court's grant of the motion for summary judgment by Merchants National Bank and Trust Company of Indianapolis (Bank) and the trial court's denial of Mechanic's motion for summary judgment. We reverse and remand.

## FACTS

On or about May 20, 1986, Bank and Jeff Zweber (Zweber) entered into a Simple Interest Variable Rate Retail Sale Contract and Security Agreement whereby Bank loaned Zweber the money to purchase a 1986½ Toyota Supra automobile in which Bank took a security interest. Among other preprinted provisions of the Security Agreement prepared by Bank were the following two provisions:

"DEFENSE OF PROPERTY

I will ... allow no adverse lien, security interest or encumbrance to be created in the future without your written consent ...

PROTECTION OF PROPERTY ...

I will maintain the property in good order and repair and will not allow the property or any part of it to be destroyed, removed or damaged so as to jeopardize your security interest. A failure to repair damage in 30 days after occurance [sic] will be a violation of this security agreement...."

Record at 39. On or about July 30, 1986, Bank recorded the certificate of title for the automobile with the Indiana Bureau of Motor Vehicles.

On December 22, 1986, Zweber delivered the automobile to Mechanic for performance of repairs necessary as a result of a collision which rendered the automobile inoperable. Mechanic's "repairs returned the Automobile to a condition adequate to operate it with reasonable safety, and the completion of such repairs was necessary to preserve the Automobile." Record at 34 (Joint Stipulation of Undisputed Facts). At the request of Zweber, Mechanic performed the repairs for a total cost of

$5,398.45. Mechanic completed the repairs on or about February 11, 1987, at which time Mechanic, without having received payment from Zweber, released the automobile to Zweber. Zweber having failed to satisfy Mechanic's demand for payment, Mechanic on or about March 27, 1987, filed with the Marion County Recorder's Office a Sworn Statement of Notice of Intention to Hold Mechanic's Lien for $5,398.45 against the automobile.

Zweber had made his December 1986 payment to Bank untimely on January 9, 1987. Zweber made no further payments to Merchant. On or about May 21, 1987, Merchants notified Zweber in writing of its intention to repossess and sell the automobile if Zweber failed to make the payments due and owing under the contract.

On June 4, 1987, Mechanic filed a complaint for Declaratory Judgment, Foreclosure of Mechanic's Lien and Damages against Bank and Zweber. Mechanic also requested a temporary restraining order to prohibit Bank from selling the automobile. Bank and Mechanic having filed an agreed entry of dissolution of temporary restraining order on August 3, 1987, Bank paid $5,398.45 into the Marion County Clerk's Office to be held in escrow until the trial court ruled upon cross motions for summary judgment filed by the two parties. Zweber failed to pay the deficiencies and Bank repossessed and auctioned the automobile. The proceeds of the July 21, 1987, sale totalled $13,000.00, and selling expenses and repossession fees totalled $874.26.

After considering the Joint Stipulation of Undisputed Facts by Bank and Mechanic, as well as their pleadings, briefs, oral arguments, and motions for summary judgment, the trial court found there were no disputed issues of material fact, granted Bank's motion, and denied Mechanic's motion. The court ordered the escrow amount paid to counsel for Bank. Mechanic appeals the trial court's judgment. Zweber is not a party to this appeal.

## ISSUES

1. Whether Indiana's Commercial Code determines the priority of disputes between

the holder of a non-possessory mechanic's lien and the holder of a prior perfected security interest.

2. Whether Indiana common law gives priority of a prior perfected security interest over a non-possessory mechanic's lien.

### DISCUSSION AND DECISION

The parties agree that no genuine issue of material fact exists. Summary judgment is appropriate in such a case only if supported as a matter of law. *Ayres v. Indian Heights Volunteer Fire Department* (1986), Ind., 493 N.E.2d 1229, 1234; *Sharp v. Indiana Union Mutual Insurance Co.* (1988), Ind.App., 526 N.E.2d 237, 239, *trans. denied.* If the trial court has misapplied the laws, we will reverse. *Ayres*, 493 N.E.2d at 1234. When we review the propriety of the grant or denial of summary judgment, we stand in the same position as the trial court. *Jones v. Marengo State Bank* (1988), Ind.App., 526 N.E.2d 709, 714. Therefore, we give no deference to a trial court's judgment based upon stipulated facts. *See Citizens Gas and Coke Utility v. Economy Insurance Co.* (1985), Ind., 486 N.E.2d 998, 999; *Estate of Payne v. Grant County Court* (1988), Ind.App., 508 N.E.2d 1331, 1333, *cert. denied*, 488 U.S. 853, 109 S.Ct. 139, 102 L.Ed.2d 112.

*Issue One*

Mechanic contends the Indiana Commercial Code does not apply to this dispute, whereas Bank argues the Code does apply. The main purpose of the secured transactions chapter of the Indiana Commercial Code is to bring all consensual security interests in personal property under one chapter. *See* IND.CODE § 26–1–9–102(1) and Statement of Purposes and Comment 1 under Uniform Commercial Code Comment following IND.CODE § 26–1–9–102 (West's Annotated Indiana Code 1980). Therefore, the chapter does not apply to non-consensual, statutory liens except as provided in IND.CODE § 26–1–9–310. *See* I.C. § 26–1–9–102(2) and IND.CODE § 26–1–9–104(c) (The chapter, I.C. § 26–1–9, does not apply "to a lien given by statute or other rule of law for services or materials except as provided in [I.C. § 26–1–9–310] on priority of such liens ...").

Only possessory liens are covered by the language of I.C. § 26–1–9–310:

"When a person in the ordinary course of his business furnishes services or materials with respect to goods subject to a security interest, a lien upon goods in the possession of such person given by statute or rule of law for such materials or services takes priority over a perfected security interest unless the lien is statutory and the statute expressly provides otherwise."

Moreover, the Indiana Comment to I.C. § 26–1–9–310 (Burns Indiana Statutes Annotated 1974) indicates the language was not intended to address nonpossessory liens, stating "Article [Chapter] 9 does not apply to landlord's liens, or to a lien given by law for services or materials, except to the extent that this section (§ 9–310) determines priorities. § 9–104(b) and (c)." Similarly, the Indiana Comment states that a landlord's crop lien and an attorney's lien are not possessory liens and the Comment concludes that I.C. § 26–1–9–310, therefore, does not govern them. Thus, while I.C. § 26–1–9–310 establishes that possessory mechanic's liens, known as artisan's liens, are superior to prior perfected security interests, it does not establish whether a non-possessory mechanic's lien is superior to a prior perfected security interest.

Contrary to Bank's contention, we cannot infer the legislature intended to "accord[ ] any statutory or common law lien super priority only so long as possession of the good is retained." Appellee's Brief at 12. The legislature merely expressed its intent that the Indiana Code apply to a dispute between a holder of a possessory mechanic's lien (artisan's lien) and a holder of a prior perfected security interest. We agree with the court in *In Re Brazier Forest Products, Inc.* (1986), 106 Wash.2d 588, 724 P.2d 970, 976–78:

"In summary, and in accordance with the predominant authority, nonpossessory liens are outside the scope of section 9–310 and, therefore, their priority rela-

tive to a perfected security interest is governed by pre-Code statutory and common law. We conclude that this interpretation of section 9–310 is more reasonable than inferring from the provision that all non-possessory liens are subordinate to perfected security interests." *Accord, Smith v. Atlantic Boat Builder Co.* (1978), Fla.App., 356 So.2d 359; *Board of Education v. Kolman* (1970), 111 N.J. Super. 585, 270 A.2d 64; *Leger Mill Co. v. Kleen–Leen, Inc.* (1977), Okla., 563 P.2d 132. We hold that Indiana's Commercial Code does not apply to the present dispute and that a trial court should look to the lien statutes and common law to determine the priority status of a non-possessory mechanic's lien.

*Issue Two*

■ Mechanic contends Indiana common law gives its non-possessory mechanic's lien priority over Bank's prior perfected security interest under the factual circumstances. Bank argues common law rules provide Bank's prior perfected security interest priority.

There are two Indiana statutes which provide mechanics' liens. IND.CODE § 9–9–5–6 provides a possessory mechanic's lien, also known as an artisan's lien, for an individual or firm which repairs a motor vehicle at the owner's request. IND. CODE § 32–8–31–1 et seq. provides a mechanic's lien to a person who repairs a motor vehicle and files a notice of intention to hold lien with the county recorder. Neither statute provides indication of the lien's priority or subordination to a prior perfected security interest. We concluded in *Hendrickson & Sons Motor Co. v. Osha* (1975), 165 Ind.App. 185, 203, 331 N.E.2d 743, 755, *trans. denied,* that I.C. § 32–8–31–1, dealing with a non-possessory garagemen's lien, was not intended in any way to limit either the garagemen's common law remedy or the possessory lien remedy provided by I.C. § 9–9–5–6.

■ Since the lien statutes do not provide for resolution of priority disputes between a non-possessory mechanic's lien and a prior perfected security interest, we must examine Indiana's common law rules. Indiana's common law general rule provides that, in the absence of a contrary provision in the statute creating the mechanic's lien, both possessory and non-possessory mechanics' liens are subordinate to a prior recorded mortgage or conditional sales contract. *Champa v. Consolidated Finance Corp.* (1953), 231 Ind. 580, 588, 110 N.E.2d 289, 292; *Personal Finance Co. of Hammond v. Flecknoe* (1940), 216 Ind. 330, 334, 24 N.E.2d 694, 696; *Grusin v. Stutz Motor Car Co. of America* (1933), 206 Ind. 296, 299–330, 187 N.E. 382, 383; *Atlas Securities Co. v. Grove* (1922), 79 Ind.App. 144, 148, 137 N.E. 570, 572. In *Flecknoe,* our supreme court examined the case law defining exceptions to the general rule and summarized the exceptions as follows:

"The majority of the courts have granted priority to the mechanic as against the mortgagee only in those cases (1) where the repairs would constitute a real benefit to the mortgagee by preserving the chattel covered by the mortgage, (2) where the mortgagee had a beneficial interest in the continued use of the mortgaged chattel and the repairs were necessary to such continued use, or (3) where the mortgagee had actual knowledge of the repairs being made or there were circumstances, or language in the mortgage, from which such knowledge could be presumed."

*Flecknoe,* 216 Ind. at 338–39, 24 N.E.2d at 697–98.

Contrary to Bank's contention, these exceptions to the general priority rule do not depend on possession by the mechanic. Our supreme court in *Grusin* did not distinguish between artisans' (possessory) and mechanics' (non-possessory) liens, but discussed them together when it stated that exceptions to the general rule are based upon the express or implied assent of the mortgagee. *Grusin,* 206 Ind. at 300, 187 N.E. at 383–84 (citing *Watts, Trustee v. Sweeney* (1891), 127 Ind. 116, 26 N.E. 680 (non-possessory lien)); and *Atlas Securities Co. v. Grove* (1922), 79 Ind.App. 144, 137 N.E. 570 (non-possessory lien). *See also Champa,* 231 Ind. at 588, 110 N.E.2d

at 292; *Flecknoe,* 216 Ind. at 334, 24 N.E.2d at 696. Where a mortgagor is charged with the duty of procuring repairs, the mortgagor is deemed to be the agent of mortgagee for the purpose of procuring repairs. *Grusin,* 206 Ind. at 301, 187 N.E. 384. Thus, "[w]hen the mortgagor, acting for himself and as the agent of the mortgagee, delivers the mortgaged property and authorizes the making of repairs ... a contract arises between the mortgagor and the mortgagee on the one hand, and the mechanic or artisan on the other, and the law creates a lien in favor of the latter" notwithstanding an agreement between mortgagor and mortgagee that no liens should be incurred, "since the law creates the lien and not the consent of the parties." *Grusin,* 206 Ind. at 302, 187 N.E. at 384. Of course, the repairs must be necessary and add to the property's value. *Id.*

The security agreement in the present case contains a provision requiring Zweber to obtain repairs for the automobile in order to maintain Bank's security interest. Zweber, under the authority of the clause, requested Mechanic make necessary repairs to preserve the automobile and to restore it to a condition in which it could be operated with reasonable safety. Thus, Zweber acted as Bank's agent in authorizing the repairs and Bank is deemed to have had implied knowledge of the repairs and to have consented to them through its agent, Zweber. The law implied a contract between Bank and Mechanic and created a lien in favor of Mechanic notwithstanding the provision of the security agreement which prohibited Zweber from incurring an encumbrance or adverse lien on the automobile without Bank's written consent. As Bank was deemed to have authorized the repairs which preserved the automobile's value and benefitted Bank by restoring the automobile to an operable condition, an exception to the general common law priority rule applied. Therefore, as a matter of law, Mechanic's non-possessory lien had priority over Bank's prior perfected security interest.

We hold the trial court erred in granting Bank's motion for summary judgment and in denying Mechanic's motion for summary judgment. We reverse both of the trial court's judgments and order the trial court to enter judgment in favor of Mechanic, Church Bros. Body Service, Inc.

Reversed and remanded for trial court action in accordance with instructions.

SHIELDS, P.J., and ROBERTSON, J., concur.