**In re SEVERSON ACRES DEVELOPMENT CORP., Debtor.**

**KING ROAD MATERIALS, INC., Plaintiff,**

v.

**SEVERSON ACRES DEVELOPMENT CORP., Luke D. Clemente, as Chairman of the Unsecured Creditors Committee, Richard H. Weiner, Chapter 7 Trustee, Gerrity Company, Inc., and Stephen R. Hill d/b/a Hill's Painting, Defendants.**

**Bankruptcy No. 91–12569.
Adv. No. 92–91016.**

United States Bankruptcy Court, N.D. New York.

July 9, 1992.

Lombardi, Reinhard, Walsh & Harrison, Harlan R. Harrison, Albany, N.Y., for King Road Materials, Inc.·

Daffner & Tang, E. Lisa Tang, Albany, N.Y., for Severson Acres Development Corp.

Cooper Erving Savage Nolan & Heller, Paul A. Levine, Albany, N.Y., for trustee.

Breakell & Couch, P.C., Mark W. Couch, Albany, N.Y., for Gerrity Company, Inc.

## MEMORANDUM–DECISION

JUSTIN J. MAHONEY, Chief Judge.

The plaintiff has filed a complaint that seeks to recover from the debtor's estate in a first cause of action the sum of $20,000 for labor furnished and materials sold to Severson Acres Development Corp. ("Debtor") pursuant to a duly filed mechanic's lien and, in a second cause of action, the same amount pursuant to provisions of Article 3–A of the Lien Law of the State of New York.

The chapter 7 trustee has filed an answer and counterclaim seeking denial of the plaintiff's complaint upon the grounds that the mechanic's lien filing constitutes a preferential transfer and should be avoided pursuant to 11 U.S.C. § 547 of the Code.

Gerrity Company, Inc. ("Gerrity") has filed an answer and crossclaim seeking recovery of $27,950.32 for materials sold to Severson Acres pursuant to an allegedly duly filed mechanic's lien and also pursuant

to the provisions of Article 3–A of the Lien Law.

Stephen R. Hill, d/b/a Hill's Painting ("Hill"), has filed an answer and crossclaim seeking recovery of $6,430 for labor furnished and materials sold to the debtor upon the grounds of a duly filed mechanic's lien and upon further grounds set forth in Article 3–A of the Lien Law.

■ The trustee similarly seeks to avoid Gerrity and Hill's liens as preferences. The essential facts are undisputed. The chapter 11 petition was filed on June 20, 1991. The plaintiff filed its mechanic's lien on or about June 26, 1991. On September 11, 1991 this court approved a sale of all of the remaining property of the debtor for the sum of $365,000. The mortgages were paid and the net sale proceeds are being held by the trustee. On November 15, 1991, both Gerrity and Hill separately filed notices of lien which respectively listed March 20, 1991 and June 20, 1991 as the dates when the last items of materials were delivered or work was performed.

The perfection of the lien interest under state law is not subject to the hypothetical judicial lien status of the trustee under § 544(a)(1) of the Code. The relation-back procedure set forth in § 15 of the lien law of the State of New York is recognized by § 546(b) of the Code. The reading together of these two sections makes it clear that the plaintiff may file its notice of lien subsequent to the chapter 11 filing. Although the perfection of the lien interest is recognized by the aforementioned sections of the lien law and bankruptcy law, § 362(a) of the Code stays the enforcement of the lien. See *In re Fiorillo & Co.*, 19 B.R. 21 (Bkrtcy.S.D.N.Y.1982).

The trustee does not deny that the labor was performed and that the materials were furnished so as to justify the mechanics' liens. Rather, he maintains in his answer and counterclaim to the plaintiff's complaint that the lien pursuant to 11 U.S.C. § 547(e)(2)(C) is deemed to have been filed immediately before the date of filing of the chapter 11 petition at a time when the debtor was insolvent, the effect of which entitles the plaintiff to receive more in distribution of proceeds of the estate than if the mechanics' liens had not been filed. The trustee contends that such filings constitute preferential transfers which are avoidable pursuant to § 547 of the Code.

In support of this position, the trustee relies in part upon § 546(b) which fails to reference § 547 in limiting the trustee's avoiding powers. In pertinent part, Section 546(b) provides:

The rights and powers of a trustee under sections 544, 545 and 549 of this title are subject to any generally applicable law that permits perfection of an interest in property to be effective against an entity that acquires rights in such property before the date of such perfection.

Section 547(c)(6) provides, however, that a trustee may not avoid the fixing of a statutory lien that is not avoidable under section 545. Mechanics' liens duly filed pursuant to state law are not avoidable under section 545. Consequently, this court disagrees with the trustee's position.

■ The lienors duly filed their notices of lien within the eight month time frame mandated by § 10 of the New York Lien Law (McKinney's Supp.1992). Furthermore, the sale of the real property approximately two months prior to Gerrity and Hill filing their notices of lien does not defeat their secured priority pursuant to § 13(5) of the New York Lien Law.

Accordingly, the counterclaim of the trustee is dismissed and the liens of the plaintiff together with those of defendants Gerrity and Hill are adjudged to be valid subsisting mechanics' liens that attached to the proceeds of sale of the Severson Acres property. Pursuant to § 13 of the Lien Law all liens are entitled to parity so that the three mechanics' liens are entitled to share in the proceeds of sale of the Severson property on a pari passu basis and, it is so ORDERED.