**AMERITRUST NATIONAL BANK, MICHIANA, Plaintiff,**

v.

**The DOMORE CORPORATION, et al., Defendants.**

**No. S91–647M.**

United States District Court, N.D. Indiana, South Bend Division.

Oct. 6, 1992.

---

Geoffrey K. Church, J. Scott Troeger, Jacqueline Sells Homann, Barnes & Thornburg, Elkhart, Ind., for plaintiff.

David T. Stutsman, Douglas A. Mulvaney, Stutsman & Mulvaney, Elkhart, Ind., Jeffrey Johnson, May, Oberfell & Lorber, South Bend, Ind., for Kenneth L. Wheeler, Vicki L. Wheeler, Roy W. Fink, Susan A. Garman, Melba Leer, Nancy Wiggins, Michael L. Buck, Sr., Edgar W. McComb.

Michael F. Deboni, Alan L. Weldy, Yoder, Ainlay, Ulmer & Buckingham, Goshen, Ind., for Treasurer of Elkhart County, Ind.

Lee F. Mellinger, Mellinger & Bowers, Elkhart, Ind., for Murry Rothenberg.

James R. Brotherson, Chester, Pfaff & Brotherson, Elkhart, Ind., for Domore Corp.

Fred Haines, Allen, Fedder, Herendeen & Kowals, South Bend, Ind., for Air Tech, Inc.

## MEMORANDUM AND ORDER

MILLER, District Judge.

This bankruptcy appeal asks which of the following has priority under Indiana law over personal property held by the debtor in this bankruptcy action: (i) a perfected security interest in personal property obtained by central filing in accordance with the Indiana Uniform Commercial Code ("UCC"), or (ii) employee lien claims under IND.CODE 32–8–24–1 to –6 filed with a county recorder's office. The bankruptcy court determined that employee lien claims had priority over a perfected security interest held by the appellant Ameritrust National Bank, Michiana ("Ameritrust") in the personal property of debtor Domore Corporation. For the following reasons, the court agrees with the bankruptcy court on this challenging issue, and affirms the bankruptcy court's judgment.

### I. Background

#### A. Procedural History

This appeal arises out of Ameritrust's action to determine, among other things, the priority of various claimed liens and security interests in personal and real property of debtor Domore. In March 1991, Domore filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code. 11 U.S.C. § 1101 *et seq.* Nine Domore employees were among the defendants named in Ameritrust's complaint to disallow liens, avoid liens, and determine priority. Ameritrust claimed a perfected security interest in Domore's personal property and fixtures, and a prior mortgage on Domore's Indiana real estate.

Ameritrust moved for summary judgment, claiming that its security interest in Domore's personal property has priority over liens claimed by Domore employees. The employees filed cross-motions for summary judgment, claiming priority over Ameritrust's security interest. Following a hearing on the parties' cross-motions, the bankruptcy court held that the statutory liens claimed by Domore's employees had priority over Ameritrust's perfected security interest in Domore's personal property. Ameritrust appeals.

After briefing had been completed on the appeal, a settlement was reached between Ameritrust and eight of the employee-appellees. No settlement was reached, however, between Ameritrust and Murray Rothenburg, the appellee with the largest lien claim. Because no settlement has been reached between Ameritrust and Mr. Rothenburg, the settlement between Ameritrust and the other employees does not effect the resolution of the legal issues raised by Ameritrust's appeal.

### B. Factual Background

Ameritrust acquired a security interest in Domore's personal property in connection with an extension of credit to Domore exceeding $4 million. Ameritrust perfected its security interest in Domore's personal property by filing UCC–1 financing statements with the Indiana Secretary of State in 1988.

During the first quarter of 1991, present and former Domore employees each filed with the Elkhart County, Indiana Recorder documents captioned "Notice of Corporate Employees' Lien Pursuant to Indiana Code 32–8–24–1" asserting liens against Domore's property in the aggregate amount of $199,117.20.

In accordance with the bankruptcy court's order, substantially all of Domore's personal property was sold for $1,691,976.90. The proceeds from the sale are insufficient to satisfy all the claimed liens.

Pursuant to the settlement reached on April 27, 1992, the court ordered that $85,000.00 of the escrowed sale proceeds be distributed to the eight settling employees, with the remaining escrowed funds, with the exception of $100,000.00, to be dispersed to Ameritrust. As a result of the settlement, the only priority dispute remaining before the court is between Ameritrust and Murray Rothenburg, the sole non-settling employee lien claimant, who individually claims a lien in the amount of $63,461.75.

### II. Standard of Review

The facts before the court are undisputed; the sole issue before the court concerns conclusions of law made by the bankruptcy court.

■ A bankruptcy court's conclusions of law are reviewed *de novo* on appeal. *In re Newman*, 903 F.2d 1150 (7th Cir.1990); *Calder v. Camp Grove State Bank*, 892 F.2d 629 (7th Cir.1990). The bankruptcy court's conclusions do not bind the district court and are entitled only to such deference as the district court sees fit. *In re Cricker*, 46 B.R. 229 (N.D.Ind.1985); *Rushville Production Credit Ass'n v. Mohr*, 42 B.R. 1000 (S.D.Ind.1984); *In re Schaller*, 27 B.R. 959 (W.D.Wis.1982). In addition, the court must determine whether the bankruptcy court applied the proper legal standard to the facts. *In re Stratton*, 23 B.R. 284, 287 (D.S.D.1982).

### III. Discussion

■ The sole issue before the court is whether, under IND.CODE 32–8–24–2, valid employee liens have priority over a security interest that was perfected by filing with the Indiana Secretary of State two years before the recording of the employee liens with the county recorder.

■ IND.CODE 32–8–24–1 provides employees of corporations with a lien on corporate property "for all work and labor done and performed by the employees for the corporation, from the date of the employees' employment by the corporation." The procedure for obtaining an employee lien under IND.CODE 32–8–24–1, and the priority given to employee liens under Indiana law, is governed by IND.CODE 32–8–24–2 which provides as follows:

Any employee wishing to acquire such lien upon the corporate property of any corporation, or the earnings thereof, whether his claim be due or not, shall file in the recorder's office of the county where such corporation is located or doing business, notice of his intention to hold a lien upon such property and earnings aforesaid, for the amount of his claim, setting forth the date of such employment, the name of the corporation and the amount of such claim, and it shall be the duty of the recorder of any county, when such notice is presented for record, to record the same in the record required by law for notice of mechanics' liens, for which he shall charge a fee in an amount specified in IND.CODE 36–2–7–10(b)(1) and (2). The lien so created shall relate to the time when such employee was employed by such corporation, or to any subsequent date during such employment, at the election of such employee and shall have priority over all liens suffered or created thereafter, except other employees; liens, over which there shall be no such priority. *Where any person, other than an employee, shall acquire a lien upon the corporate property of any corporation located or doing business in this state, and such lien remain a matter of record for a period of sixty [60] days, in any county in the state where such corporation is located or doing business, and no lien shall have been acquired by any employee of such corporation during that period, then and in that case such lien so created shall have priority over the lien of such employee in the county where such corporation is located or doing business, and not otherwise.* This section shall not apply to any lien acquired by any person for purchase money.

(Emphasis added). Thus, employee liens are superior to all other liens except those which have been "a matter of record" in the county where the employee lien is filed for at least sixty days before the filing of any employee lien.

The bankruptcy court construed IND. CODE 32–8–24–2 to mean that a creditor's lien must be "recorded or entered on the records" of the county where a corporation is located or doing business for sixty days to have priority over an employee's lien against the same assets.

Ameritrust contends that the bankruptcy court erroneously defined the phrase "matter of record ... in any county" to require recording or filing of a security interest with the county recorder for the security interest to take priority over a subsequently filed employee lien. Ameritrust argues that the perfection of its security interest by filing a financing statement with the Secretary of State as required under Article 9 of Indiana's version of the Uniform Commercial Code, IND.CODE 26–1–9–401(1)(c), more than two years before any employee lien was recorded makes Ameritrust's security interest "a matter of record" in Elkhart County, which entitles Ameritrust's security interest to priority over the employee liens.

The bankruptcy court concluded that giving priority to centrally filed security interests would contravene the statute's express language. The bankruptcy court held that under the statute's plain language, notice of a prior lien must be recorded with the county to be "a matter of record". In support of its conclusion, the court cited Black's Law Dictionary, which defines the term "of record" as "recorded, entered on the records; existing and remaining in or upon the appropriate records." *Black's Law Dictionary* 1085 (6th ed. 1990).

The court reasoned that the county was the appropriate place for filing because had the legislature intended for centrally filed liens to have priority over employees' liens for labor and wages, the statute's requirement that a lien remain on record for a period of sixty days *in any county* would have no meaning. Had the legislature intended central filing to be adequate, the statute would have required that a lien "remain a matter of record for a period of sixty [60] days, *in this state.*" The court further noted that the UCC explicitly states that its provisions do not apply to statutory liens except for limited exceptions not applicable to this case. *See* IND.CODE 26–1–

9–102(2). The legislature's failure to change the relevant language of IND. CODE 32–8–24–2 when it amended the statute in 1983 further led the bankruptcy court to conclude that nothing in the UCC changed the plain meaning of the statute.

Ameritrust contends that the bankruptcy court failed to consider the historical setting in which the employee lien statute was enacted. When the employee lien statute was enacted in 1877, central filing of security interests with the Secretary of State did not exist. Ameritrust argues that because instruments could be filed only at the county level in 1877, the reference to "any county" in the statute merely reflected the fact that at the time of its enactment consensual liens in personal property could be obtained only by filing chattel mortgages at the county level. *See* Section 11, Chapter 42 of 1 Revised Statutes 1852; Chattel Mortgage Act of 1935, Burns Ind.Stat.1951, §§ 51–501 to 503, 505–509, 511–521; Burns Ind.Stat.Supp.1962, §§ 51–504, 510.

With Indiana's adoption of the UCC in 1963, central filing became the method for perfecting a security interest in most types of personal property, including the types of personal property at issue in this case. *See* IND.CODE 26–1–9–401(b). According to Ameritrust, because current law specifies central filing as the method of perfecting consensual liens in personal property, centrally filed security interests are entitled to the same protection against employee liens as was enjoyed by pre-UCC locally filed chattel mortgages.

The court agrees with Ameritrust that it would have made sense for the Indiana legislature to give centrally filed security interests the same protection against employee liens as was enjoyed by pre-UCC chattel mortgages; however, neither the Indiana UCC nor IND.CODE 32–8–24–2 suggests that the legislature intended the employee lien statute to be read in conjunction with UCC filing requirements.

The 1963 enactment of the UCC does not support the conclusion that filing with the Secretary of State suffices to preempt an employee lien filed under IND. CODE 32–8–24–2. The main purpose of the secured transactions chapter of the Indiana UCC is to bring all consensual security interest in personal property under one chapter. *See* IND.CODE 26–1–9–102(1), Comment 1. The Indiana UCC does not apply to non-consensual statutory liens except as provided in IND.CODE 26–1–9–310. IND.CODE 26–1–9–102(2); IND. CODE 26–1–9–104(c). IND.CODE 26–1–9–310 only covers the priority of possessory non-consensual liens. The Indiana UCC is silent as to whether the holder of a prior perfected security interest prevails over the holder of a statutory non-possessory lien such as an employee lien under IND. CODE 32–8–24–2. Because the UCC is silent on the subject, a court must look to the lien statutes themselves or the common law to determine the priority status of a non-possessory statutory lien. *Church Brothers v. Merchants National Bank*, 559 N.E.2d 328, 331 (Ind.Ct.App.1990).

Ameritrust concedes that the UCC does not, strictly speaking, apply to statutory liens, but contends that this exclusion does not support the conclusion that the priority rules of the UCC have no effect on the employee liens in this case. Ameritrust contends that although a statutory lienholder need not comply with the provisions of the UCC to obtain the rights afforded by a statutory lien, a UCC secured creditor (such as Ameritrust) should not be required to take steps beyond perfection under the UCC to prevail over a statutory lienholder.

In support of this contention, Ameritrust cites *Citizens National Bank v. Mid–States Development Co.*, 177 Ind.App. 548, 380 N.E.2d 1243 (1978), which addressed a priority dispute between the rights of a secured party in proceeds deposited in a bank account against a bank claiming a right of set-off against that account. A bank's right of set-off, like a statutory lien, is specifically excluded from the requirements of Article 9 of the UCC. *See* IND. CODE 26–1–9–104(i). The *Citizens National Bank* court held that the exclusion of a bank's right of set-off under IND. CODE 26–1–9–104 merely meant that a bank relying on the exclusion need not comply with UCC filing provisions to obtain

the right of set-off. 380 N.E.2d at 1248. That court looked to the UCC, however, to resolve the priority dispute between a bank's set-off and a perfected security interest. The court held that the UCC secured party should be able to rely on its compliance with the UCC's requirements to prevail against the unrecorded interest of the set-off bank, and rejected the notion that a secured party needed to take steps beyond perfection under the UCC to protect itself from a bank's right to set-off. 380 N.E.2d at 1248. Ameritrust argues that under the reasoning of *Citizens National Bank*, the holder of a perfected security interest need not take steps beyond perfection to prevail over a statutory lienholder.

A more recent Indiana case, which dealt specifically with the statutory lien exclusions under IND.CODE 26–1–9–102(1) and IND.CODE 26–1–9–104(c), undercuts whatever persuasive merit the *Citizens National Bank* decision has under the facts of this case. *Church Brothers v. Merchants National Bank*, 559 N.E.2d 328, addressed a priority dispute between a security interest perfected under the UCC and a non-possessory mechanics lien provided for by IND.CODE 9–9–5–6 and IND.CODE 32–8–31–1. The court held that the Indiana UCC did not apply to the dispute and that a trial court should look to the lien statutes and common law to determine the priority status of a non-possessory mechanics lien. 559 N.E.2d at 331. An employee lien under IND.CODE 32–8–24–1 is closely analogous to a non-possessory mechanics lien under IND.CODE 32–8–31–2: both liens protect those who furnish labor or services to the entity that owns the property subject to the lien; the filing requirements for the two types of liens are identical. *See* IND. CODE 32–8–31–2. Accordingly, pursuant to *Church Brothers*, 559 N.E.2d at 331, the court looks to the employee lien statute itself, not the UCC, to determine the priority status of an employee lien.

The language of IND.CODE 32–8–24–1 through –6 suggests that the employee lien statute's filing requirements operate independently of any other state law provision for the creation of liens, including the UCC.

Nothing in the statute itself suggests that an employee lien is subordinate to a perfected security interest. IND.CODE 32–8–24–1 provides that employees of a corporation are entitled to a first and prior lien upon corporate property and earnings for all work and labor performed by the employees from the date of employment. IND.CODE 32–8–24–1 further provides that an employee lien "shall lie prior to any and all liens acquired subsequent to the date of employment ... except as otherwise provided in this chapter." IND.CODE 32–8–24–2 contains a limited exception to the super-priority afforded employee liens under IND.CODE 32–8–24–1: a properly filed employee lien can only be defeated by a non-employee lien arising subsequent to the employee's employment where the non-employee "shall acquire a lien upon the corporate property of any corporation located or doing business in this state, *and* such lien remain a matter of record for a period of sixty (60) days, in any county...." IND.CODE 32–8–24–2 (emphasis added).

█ Under the statute's plain language, both the acquisition of a lien and the recording of that lien with the county are prerequisites for a lien to prevail over an employee lien. The statute explicitly recognizes that a prior lien's mere existence is not enough; the lien also must be a matter of record in the county. Ameritrust had a valid pre-existing security interest in Domore's property for more than sixty days when the employees filed notice of their liens. Nothing in the IND.CODE 32–8–24–2, however, provides that a security interest, whether perfected or unperfected under the UCC, takes priority over an employee lien if the security interest is not a matter of record in the county. Moreover, nothing in the statute provides that perfection under the UCC makes a security interest or lien a "matter of record" in the county.

Ameritrust argues that because under the UCC requires filing of notice with the Indiana Secretary of State to perfect a security interest in personal property, filings made at the county level would be

insufficient to give constructive notice of a security interest.

According to Ameritrust, if it files notice with the county, employee lien claimants could argue that such notice has no legal effect because county filing is insufficient to provide notice of a perfected security interest under the UCC. The court need not decide this to determine priority under the employee lien statute. Under IND. CODE 32–8–24–2, a perfected security interest under the provisions of the UCC is neither necessary nor sufficient to give a creditor priority over an employee lien. Notice of a personal property security interest filed at the county level may not be sufficient to perfect that interest under the UCC, *see* IND.CODE 26–1–9–401, but the priority of employee liens over other liens, including perfected security interests, is governed by the lien statute itself, not the UCC. *See Church Brothers*, 559 N.E.2d at 331.

To protect its security interest from claims of other creditors, Ameritrust must perfect its interest in accordance with the filing requirements of the UCC. To protect its interest from claims of corporate employees, Ameritrust must file notice of its interest with the county as well. Just as Ameritrust cannot rely on its compliance with the UCC to defeat an employee's lien under the priority rules of IND.CODE 32–8–24–2, an employee lienholder could not argue that the secured party's failure to perfect its interest under the UCC defeats the secured party's interest if the secured party had filed notice of its interest with the county under IND.CODE 32–8–24–2.

Ameritrust argues that the bankruptcy court's interpretation fosters uncertainty because a secured party cannot be sure it has granted or obtained a first security interest in any corporation's personal property. While this is true to some extent, and possible argument for consideration of legislative action, Ameritrust overstates the hardship caused by the bankruptcy court's interpretation. First, to protect its interest, a secured party need only file notice with the county recorder in the place where the debtor is doing business.

■ Second, the employee lien statute subjects secured creditors to potential uncertainty apart from the bankruptcy court's construction of the statute because the statute expressly gives employees an ability to preempt a security interest regardless of where notice of the secured party's interest is recorded. An employee lien takes effect not upon the date of filing notice of the lien, but on the date the employee was first employed or any subsequent date chosen by the employee. IND. CODE 32–8–24–2. Employee liens have priority over any other lien except for those liens that have been "a matter of record" for sixty days. Hence, even if a secured creditor is first in time to file notice of its security interest, an employee who has worked for the corporation for more than sixty days can assert a prior lien by filing notice of an intent to assert an employee lien on the fifty-ninth day of the sixty day period. *See* IND.CODE 32–8–24–2. Moreover, an employee may assert an employee lien even if his claim for wages has not become due at the time of filing. IND. CODE 32–8–24–2. As long as a corporation has employees that worked for the corporation prior to the perfection of a secured party's interest, the secured party faces the possibility that its claim will be preempted by an employee lien.

■ The employee's ability to preempt a previously filed lien suggests that the primary concern of IND.CODE 32–8–24–2 is to protect employees, not to protect secured parties. The statute's purpose could be thwarted if it were interpreted to allow a centrally filed security interest to preempt an employee lien. An employee lien is presumed to begin from the date of employment. To exercise his rights under the lien, an employee must file notice with the county. The requirement that a prior lien be a matter of record for sixty days suggests that the legislature was concerned with notifying employees of attempts to assert liens against corporate property. Because the statute specifies that notice of the employee lien be filed at the county level, and also gives employees a sixty-day grace period in which to exert

priority over any other lien, it is reasonable to assume that the statute requires filing at the place where an employee is most likely to look to see if there is a need to protect his lien by filing.

 In summary, Ameritrust contends that the statute at issue in this case must be interpreted in light of the policies underlying the UCC. The court also acknowledges that Indiana statutes are to be construed so as to avoid absurd results, *In Re Nomination of Parker,* 580 N.E.2d 1006, 1009 (Ind.Ct.App.1991), and that statutes are to be read as a whole rather than in isolation. *State v. Adams,* 583 N.E.2d 799, 800 (Ind.Ct.App.1992). Nonetheless, no rule of statutory construction allows the court to extend a statute beyond its stated reach, and when the legislature adopts a statute in contravention of then existing law, Indiana courts interpreting that law presume that the legislature intends no change in the prior law beyond that set forth unmistakably in the statute. *Tittle v. Mahan,* 582 N.E.2d 796, 800 (Ind.1991).

Nothing in either the UCC or the employee lien statute indicates that the same policies underlie the two statutes, or that the employee lien statute should be read to further the policies underlying the UCC. The Indiana UCC only applies to consensual liens; to the extent that the UCC discusses the interaction between statutory liens and consensual liens, the UCC itself requires deference to the priorities and policies underlying statutory liens. *See Church Brothers,* 559 N.E.2d at 331. Absent any indication that the Indiana legislature intended the employee lien statute to be read in a manner that promotes the policies underlying the UCC, the employee lien statute's plain language must control.

The bankruptcy court specifically noted that it was operating under the assumption that the employee liens at issue were valid under IND.CODE 32–8–24–1. Accordingly, the court presumes that the length of Mr. Rothenburg's employment is a matter yet to be decided by bankruptcy court. With respect to the narrow issue currently before it, the court concurs with the bankruptcy court's interpretation of IND.CODE

32–8–24–2. To be entitled to priority over an employee lienholder who has filed notice with the county under IND.CODE 32–8–24–2, a creditor's lien must be recorded on the records of the county where the corporation is located or doing business sixty days prior to the filing of notice of a corporate employee's lien.

### IV. *Conclusion*

Accordingly, for the foregoing reasons, the court AFFIRMS the judgment of the bankruptcy court.

SO ORDERED.