### In re FLORLINE CORPORATION, Debtor.

### John J. PETR, Trustee, Plaintiff,

### v.

### Robert J. WHEELER, Defendant.

### Bankruptcy No. 93–3384–RLB–7A. Adv. No. 95–19.

United States Bankruptcy Court, S.D. Indiana.

Jan. 10, 1996.

Michael J. Tosick, Greenfield, IN, for Defendant.

John J. Petr, Trustee/Plaintiff, Indianapolis, IN.

## *OPINION*

LARRY L. LESSEN, Bankruptcy Judge.

Before the Court is Trustee's Complaint to Recover Preference from Robert J. Wheeler, and Mr. Wheeler's Answer thereto.

From 1988 until the fall of 1991, Mr. Wheeler was employed by Florline Corporation as an outside salesman and was paid a sales-based commission. When Mr. Wheeler terminated his employment with Florline in the fall of 1991, he demanded from Florline unpaid commissions totaling $52,228.84. Florline refused to pay said commissions and, on December 31, 1991, Mr. Wheeler filed suit against Florline in Marion County Superior Court for the unpaid commissions plus statutory penalties and attorney fees. On March 5, 1993, Mr. Wheeler served notice pursuant to Ind.Code § 32–8–24–2 of his intention to hold a lien on the corporate property of Florline in the amount of $175,000.

In April 1993, Mr. Wheeler's case against Florline was settled and the parties entered into a settlement agreement. Pursuant to the settlement agreement, and within ninety days before the filing of its petition in bankruptcy, Florline transferred $20,000 to Mr. Wheeler. The transfer was made by a check drawn on Florline's account, which was made payable to Mr. Wheeler's attorneys' trust account. Mr. Wheeler's lawsuit against Florline Corporation was dismissed on April 14, 1993. On April 17, 1993, this case was commenced with the filing of an involuntary bankruptcy petition against Florline.

On January 12, 1995, John J. Petr, as Trustee, filed his complaint herein alleging that the $20,000 transfer from Florline to Mr. Wheeler pursuant to the settlement agreement was an avoidable preference under § 547 of the Bankruptcy Code. Trustee asserts that Mr. Wheeler's statutory lien was not perfected at the time the bankruptcy was filed, so, had the settlement agreement not been reached, and had the $20,000 payment not been made, Mr. Wheeler would have been a general unsecured creditor of Florline's bankruptcy estate. Trustee further states that he has administered approximately $77,000 in assets in this bankruptcy and that valid claims in this case exceed $1,200,-000. Because general unsecured claimants will not be paid in full in this case, Trustee asserts that Mr. Wheeler received more than he would have had the transfer not been made.

In response, Mr. Wheeler claims that, before settling his case with Florline, he possessed a perfected statutory lien on all earnings and corporate property of Florline and, therefore, he has not received more than he would have had the settlement not been made. Hence, the settlement payment is not a transfer avoidable by the Trustee pursuant to § 547 of the Bankruptcy Code.

■ 11 U.S.C. § 547 provides in part as follows:

(b) ... (T)he trustee may avoid any transfer of an interest of the debtor in property—

(1) to or for the benefit of a creditor;

(2) for or on account of an antecedent debt owed by the debtor before such transfer was made;

(3) made while the debtor was insolvent;

(4) made—

(A) on or within 90 days before the date of the filing of the petition; ...

(5) that enables such creditor to receive more than such creditor would receive if—

(A) the case were a case under chapter 7 of this title;

(B) the transfer had not been made; and

(C) such creditor received payment of such debt to the extent provided by the provisions of this title.

The question of law before the Court is whether the $20,000 transfer to Mr. Wheeler enabled him to receive more than he would have received if the transfer had not been made. Given the stipulated facts in this case, the answer to this question turns on whether Mr. Wheeler's employee's lien was subject to the Trustee's avoidance powers under the Bankruptcy Code. If Mr. Wheeler had a perfected statutory lien under relevant sections of the Indiana Code set forth below, then the payment of $20,000 to Mr. Wheeler would not be an avoidable preference. On the other hand, if the lien was not timely and properly perfected, then the lien would be avoidable by the Trustee and Mr. Wheeler would have a general unsecured claim against Florline.

Mr. Wheeler argues that the recording of notice on March 5, 1993, pursuant to Ind. Code § 32–8–24–2 of his intention to hold a lien on the corporate property of Debtor constituted perfection of his statutory lien against the income and assets of Florline. Trustee disputes this contention, and asserts that the manner in which Mr. Wheeler could have perfected his lien was through an enforcement proceeding described in Ind.Code § 32–8–24–3. Because Mr. Wheeler failed to file a complaint to enforce the lien, Trustee argues that Mr. Wheeler's lien is avoidable under § 545(2) of the Bankruptcy Code, which provides as follows:

The trustee may avoid the fixing of a statutory lien on property of the debtor to the extent that such lien—

(2) is not perfected or enforceable at the time of the commencement of the case against a bona fide purchaser that purchases such property at the time of the commencement of the case, whether or not such a purchaser exists.

Finally, Trustee asserts that while Mr. Wheeler may have had the statutory right to perfect the lien post-petition, (see 11 U.S.C. § 546(b)(1)(A)), he failed to do so and, consequently, his lien is avoidable under § 545(2).

Indiana Code §§ 32–8–24–1, 32–8–24–2, and 32–8–24–3 provide in part as follows:

**32–8–24–1  Work and labor; priority**

(a) ... (T)he employees of (a corporation doing business in Indiana) are entitled to have and hold a first and prior lien upon:

(1) the corporate property of the corporation; and

(2) the earnings of the corporation; for all work and labor done and performed by the employees for the corporation, from the date of the employees' employment by the corporation. A lien under this section shall lie prior to any and all liens created or acquired subsequent to the date of the employment of the employees by the corporation, except as otherwise provided in this chapter.

. . . .

**32–8–24–2  Recording of lien; priority**

(a) Any employee wishing to acquire such lien upon the corporation property of any corporation, or the earnings thereof, whether the employee's claim be due or not, shall file in the recorder's office of the county where such corporation is located or doing business, notice of the employee's intention to hold a lien upon such property and earnings aforesaid, for the amount of the employee's claim, setting forth the date of such employment, the name of the corporation and the amount of such claim ... The lien so created shall relate to the time when such employee was employed by such corporation, or to any subsequent date during such employment, at the election of such employee, and shall have priority over all liens suffered or created thereafter, except other employees' liens, over which there shall be no such priority.

. . . .

**32–8–24–3  Complaint to enforce lien**

Any employee having acquired such lien may enforce the same by filing his complaint therefor in the circuit or superior court in any county where such lien was

acquired, at any time within six (6) months from the date of acquiring such lien, or if a credit be given, from the date of such credit, and the court rendering judgment for such claim shall declare the same a lien upon such property and order the same sold to pay and satisfy such judgment and costs, as other lands are sold on execution or decree, without relief from valuation or appraisement laws, and in such action the court shall make such orders as to the application of the earnings of such corporation, if any there be, as shall be just and equitable, whether the same be asked for in the complaint or not.

While there are no reported Indiana state court or federal court cases which discuss what constitutes perfection under the above statutory scheme, a majority of cases from other jurisdictions hold that, barring specific statutory provisions to the contrary, the giving of formal notice is necessary and generally sufficient to perfect a statutory lien. *See In re Houts,* 23 B.R. 705 (Bankr.W.D.Mo. 1982) (filing gives notice of the existence of a mechanics lien and perfects it); *In re Severson Acres Development Corp.,* 142 B.R. 59 (Bankr.N.D.N.Y.1992) (mechanics' liens duly filed pursuant to state law are not avoidable); *In re J.B. Winchells, Inc.,* 106 B.R. 384 (Bankr.E.D.Pa.1989) (IRS's tax lien was unavoidable as preference to the extent notice regarding the lien was filed and thus perfected prepetition).

The one reported Indiana case which discusses the statutory provisions set forth above involves a priority question between an employee's lien claim filed with a county recorder's office and a perfected security interest in property obtained by central filing in accordance with the Indiana Uniform Commercial Code. *See Ameritrust National Bank v. Domore Corp.,* 147 B.R. 473 (N.D.Ind.1992). The District Court stated that an employee's lien under Ind.Code § 32–8–24–1 is closely analogous to a nonpossessory mechanics lien under Ind.Code § 32–8–31–2. "(B)oth liens protect those who furnish labor or services to the entity that owns the property subject to the lien; the filing requirements for the two types of liens are identical (citation omitted)." 147

B.R. at 478. The court ultimately held that the employee's lien had priority over a creditor's perfected security interest which had been filed two years earlier with the Indiana Secretary of State.

In reaching its decision, the District Court did not explicitly state that it found the employee's lien to have been perfected; however, such a conclusion was a condition precedent to the court's ultimate finding in the case. If the court had found that the employee's lien had not been perfected, it could not have found that the employee's lien had priority over a creditor's perfected security interest.

The status of the employee's lien in *Ameritrust* is identical to the status of the employee's lien in this case—notice had been properly filed in the county recorder's office, but a complaint to enforce the lien had not been filed. This Court finds the holding in *Ameritrust* to be persuasive authority that perfection of an employee's lien under the Indiana Code is accomplished by filing the notice of lien with the county recorder pursuant to Ind.Code § 32–8–24–2.

In addition to disputing the perfection of Mr. Wheeler's lien, Trustee further asserts that Mr. Wheeler's lien is avoidable under § 545(2) of the Bankruptcy Code because Mr. Wheeler had not filed his complaint to enforce lien at the time of the filing of Florline's petition in bankruptcy. By failing to do so pre-petition, Trustee argues, Mr. Wheeler lost the right to do so, and therefore his lien is unenforceable. Because the Court has concluded that the lien was perfected pre-petition, the fact that the lien was not enforced under Ind.Code § 32–8–24–3 is irrelevant. The fact that it was perfected, then subsequently satisfied by the parties through the terms of the settlement agreement, is all that is required in this case to make the lien unavoidable by the Trustee.

■ However, with respect to the lien's enforceability, the Court rejects the Trustee's argument that Mr. Wheeler's post-petition enforcement rights were terminated by the filing of the petition in bankruptcy. An overwhelming majority of courts have held that the period for enforcing statutory liens is tolled until some point following the closing

or dismissal of the bankruptcy case or until some point following the lifting of the automatic stay. *See In re Hunters Run Ltd. Partnership,* 875 F.2d 1425 (9th Cir.1989); *Matter of Design Builders, Inc.,* 18 B.R. 392 (Bankr.D.Idaho 1981) (commencement of a proceeding to enforce a statutory lien under Idaho law is not an element of "perfection," but is merely a time limitation on enforcement which is tolled by the Bankruptcy Code); *In re National Oil Co.,* 112 B.R. 1019 (Bankr.D.Colo.1990); *In re APC Const., Inc.,* 112 B.R. 89 (Bankr.D.Vt.1990), *aff'd* 132 B.R. 690 (D.Vt.1991); *In re Houts, supra; In re Cantrup,* 38 B.R. 148 (Bankr.D.Colo.1984); *cf. In re Coated Sales, Inc.,* 147 B.R. 842 (S.D.N.Y.1992) (enforcement action is necessary predicate to perfection of mechanic's lien under Rhode Island law, and without enforcement action lien is void). This Court agrees with the majority position and holds that Mr. Wheeler's post-petition enforcement rights were not terminated by the filing of the bankruptcy petition herein.

For the reasons set forth above, Florline's pre-petition payment of $20,000 to Robert J. Wheeler is not an avoidable preference under § 547 of the Bankruptcy Code.

This Opinion is to serve as Findings of Fact and Conclusions of Law pursuant to Rule 7052 of the Rules of Bankruptcy Procedure.

See written Order.

### ORDER

For the reasons set forth in an Opinion entered this day,

IT IS THEREFORE ORDERED that Trustee's Complaint to Recover Preference be and is hereby denied.