**John R. SOWERS, Appellant–Plaintiff,**

**v.**

**COVERED BRIDGE TREE SERVICE, Appellee–Defendant.**

**No. 93A02–9205–EX–225.**

Court of Appeals of Indiana, First District.

Nov. 16, 1992.

---

James P. Buchanan, Buchanan & Buchanan, Lebanon, for appellant-plaintiff.

James E. Dowling, Lulich, Murphy & Dowling, Indianapolis, for appellee-defendant.

BAKER, Judge.

This is an appeal from a decision rendered by the full Worker's Compensation Board. Plaintiff-appellant John R. Sowers contends the Board wrongfully imposed a lien on his loan receipt agreement. We affirm.

## FACTS AND PROCEDURAL HISTORY

In June 1984 Sowers suffered serious injury when he fell in a hole while working for his employer, defendant-appellee Covered Bridge Tree Service. Covered Bridge had been hired by Tri–County Telephone Company to trim trees along a stretch of road in order to ease the work of crews mounting cable television lines on Tri–County's telephone poles. The land containing the hole was owned by Halden and Rita Bodkin.[1]

Sowers filed a worker's compensation claim and received some $21,000.00 from Covered Bridge through its insurance carrier. Sowers also brought a negligence action against both the Bodkins and Tri–County. During the course of his litigation Sowers entered into a loan receipt agreement with the Bodkins; in consideration of a $60,000.00 payment, Sowers agreed to dismiss his suit against the Bodkins and repay the amount dollar for dollar if he recovered from Tri–County.

Upon learning of the loan receipt agreement, Covered Bridge asked the Board 1) to declare that, pursuant to IND.CODE 22–3–2–13,[2] its liability had ceased and 2) to recognize a lien on the loan receipt agreement proceeds. Covered Bridge then asked the trial court 1) to permit intervention pursuant to Ind. Trial Rule 24(A) and 2) to recognize a lien on the loan receipt agreement proceeds. The trial court acted promptly, denying the motion to intervene and refusing to acknowledge a lien. It ruled that because Sowers's litigation against Tri–County was still pending, the $60,000.00 Sowers had received was not yet a recovery, as Sowers would have to return some or all of the money if he recovered from Tri–County, and that therefore a lien was inappropriate.

The Board's response took longer. Before the Board formally responded to Covered Bridge's motions, our supreme court

---

**1.** For a more complete description of the facts surrounding Sowers's injury, see *Sowers v. Tri–County Telephone Co., Inc.* (1989), Ind., 546 N.E.2d 836.

**2.** This section requires an injured worker who has received worker's compensation benefits from his employer or from his employer's insurance carrier to return the money paid to the extent the worker recovers from a third party. Upon recovery, the employer's and its carrier's liability to pay further compensation terminates.

affirmed the trial court's grant of summary judgment in Tri–County's favor in *Sowers, supra,* thus ending Sowers's prospects of further recovery. Covered Bridge urged the Board to recognize the lien because Sowers's "loan" had become a settlement. Sowers claimed the Board had no statutory authority to impose a lien and that even if it did have the authority, it should not impose the lien because the trial court had already decided Covered Bridge was not entitled to one. The parties presented their arguments to one of the Board's hearing judges, who entered findings of fact and conclusions of law. Sowers challenged the result and appealed to the full Board. The Board affirmed; omitting the more formal parts, the Board's decision reads as follows:

1. That on April 27, 1987 the Clinton Circuit Court entered its Order, which Order [states, in part:]

The Court ... now finds that among the enunciated purposes of I.C. 22–3–2–13 in its prior forms are the protection of third parties from double liability and the prohibition of injured workmen from collecting compensation from employers and damages from third party tort-feasors.

However, workmen can accept gifts or loans from their employer without affecting their right to maintain an action against a third party, *Weis v. Wakefield* (1941), [111] Ind.App. [106], 38 N.E.2d 303 and with the reservation in a loan agreement, it was held in *Northern Indiana Power Co. v. West* (1941), [218] Ind. [321], 32 N.E.2d 713 that the loan could not be held as a compensation benefit. The holdings should also apply to loan agreements made with third parties.

\*     \*     \*     \*     \*     \*

*McCammon v. Youngstown Sheet and Tube Co.* (1981), Ind.App., 426 N.E.2d 360 [1360] at 1364, in referring to a section of I.C. 22–3–2–13 giving the employee the opportunity of collecting a judgment and repaying an employer for compensation drawn or

assigning all rights under the judgment to the employer, provides 'This portion of the statutes [sic] is inapplicable in the present case however, because it requires that a final judgment, other than by agreement, be received by the injured employee.'

The Court declines to hold that the proceeds of a loan agreement between [Sowers] and [the Bodkins] are subject to a lien by [Covered Bridge's] insurance carrier, finds that the terms of the loan agreement are not complete and finds that no final judgment has been entered.

2. That thereafter a stipulation of dismissal and order thereon was entered by the Clinton Circuit Court on or about May 9, 1990.

3. That based on the present status of this case, [we] conclude that [Sowers has] made a settlement herein within the meaning of I.C. 22–3–2–13 and that upon compliance with the terms of said section, [Covered Bridge's] liability to pay further compensation shall terminate.

4. That [Covered Bridge] is entitled to a lien as provided for by I.C. 22–3–2–13 and is responsible for its obligation under such section relating to the payment of expenses and attorney's fees.

5. That the parties are directed to attempt to agree upon the amount of expenses and attorney's fees due herein and make a good faith effort to settle the same, and in the event that they are unable to do so, that issue and any other issues pending before the Board will be reserved for an additional hearing of the Board.

\*     \*     \*     \*     \*     \*

Dated this 14th day of May, 1992.
ALL CONCUR.

*Record* at 127–28, 157–58, 200–01.

Sowers appeals.

## DISCUSSION AND DECISION

### Standard of Review

■ Our standard of review is well-settled. We will not reverse the Board's findings unless it conclusively appears the

evidence upon which the Board acted was devoid of probative value or was so proportionately inadequate that the finding could not rest on a rational basis. *Dane Trucking Co. v. Elkins* (1988), Ind.App., 529 N.E.2d 117, 120, *trans. denied.* Findings of ultimate fact become questions of law for our determination only when the evidence is not in conflict and when there can be only one reasonable inference drawn from the evidentiary facts established by the uncontradicted evidence. *Id.*

■ Here, however, Sowers does not challenge the Board's factual findings so much as he challenges its legal conclusions. We deferentially view the interpretation an administrative agency has given the statutes under which it operates. *Citizens Action Coalition of Indiana, Inc. v. Northern Indiana Public Service Co.* (1990), Ind.App., 555 N.E.2d 162, 164.

### I.

■ Sowers first argues the Board lacked the jurisdiction to impose a lien on the proceeds he received from the loan receipt agreement. He contends that because the Board is an administrative body permitted to "do only those things which the legislature has authorized it to do," *Brief of Appellant–Plaintiff* at 22, and because IND.CODE 22–3–2–1 *et seq.* does not expressly authorize the Board to impose liens, the Board's action was contrary to law. Sowers is mistaken, however; the Board did not impose the lien.

■ Liens may be created by statute or by express or implied contracts. *Baker v. Martin* (1901), 156 Ind. 53, 59 N.E. 174 (statute); *Duffy v. England* (1911), 176 Ind. 575, 96 N.E. 704 (contract). When created by statute, their operation and extent, and the persons who are entitled to them, "are to be determined by the language of the statute." 18 Indiana Law Encyclopedia *Liens* § 2 (1959).

IND.CODE 22–3–2–13 provides, in part:
If the injured employee or his dependents shall agree to receive compensation from the employer or the employer's compensation insurance carrier or to accept from the employer or the employer's compensation insurance carrier, by loan or otherwise, any payment on account of the compensation, or institute proceedings to recover the same, *the employer or the employer's insurance carrier shall have a lien upon any settlement award, judgment or fund out of which the employee might be compensated from the third party.*

(Emphasis added.) The statute plainly declares an employer or its carrier "shall have a lien." So long as the statute's conditions are met, it is the statute itself that imposes the lien, not the Worker's Compensation Board. Sowers does not contend, and we would not countenance the argument, that after the possibility of recovery from Tri–County ceased to exist, and with it his obligation to repay part or all of the $60,000.00 he received, Sowers loan receipt agreement was still a loan and not a settlement award, judgment or fund subject to a lien. Because the lien was imposed by operation of law, and not by the Board, the Board did not exceed its authority when it declared Covered Bridge was "entitled to a lien."

### II

Sowers next contends that because the trial court determined Covered Bridge was not entitled to the lien, the Board was obliged to do likewise.

■ We agree the trial court determined Covered Bridge was not entitled to the lien. We also are inclined to agree that at the time, the decision was correct. But we must disagree that the trial court's determination is binding in the present circumstances. The trial court's reasoning was clear. When the decision was made, the Sowers–Tri–County litigation was still pending. Under the terms of the loan receipt agreement, it was still possible that Sowers would have to return the money to the Bodkins; in this sense, the money was more in the nature of a loan than a settlement award, judgment, or fund. After observing "the terms of the loan agreement are not complete and [that] no final judgment has been entered[,]" *record* at 201,

the trial court declined to recognize the lien at that time. The trial court did not expressly foreclose the possibility of a lien in the future, as Sowers suggests.[3]

On the other hand, when the matter was before the Board, the circumstances affecting the characterization of the loan receipt agreement proceeds had changed dramatically. When the Board considered the matter, Tri–County had been granted summary judgment and the litigation was over. Sowers no longer had any obligation to return the $60,000.00 to· the Bodkins. As the Board concluded, the proceeds could no longer be called a loan and could no longer not be called a settlement award, judgment, or fund. Because settlement awards, judgments, and funds are subject to liens in favor of employers or their insurance carriers who have paid benefits to the injured worker, IND.CODE 22–3–2–13, the lien attached to the $60,000.00 Sowers received. Because the Board's findings and conclusions on those findings are sound, we are compelled to affirm.

Affirmed.

RATLIFF, Senior J., and SHIELDS, J., concur.

---

3. It is largely for this reason Sowers's *res judicata* argument fails. The judgments the Board and the trial court rendered are not inconsistent. Assuming all other elements of *res judicata* were present, and given the nature of the trial court's order, Sowers could estop Covered Bridge only if the circumstances upon which the trial court relied in making its judgment (specifically, that the terms of the loan receipt agreement were not complete because no final judgment had been entered in Sowers's litigation) were present and controlling at the time Sowers wished to invoke the doctrine. Here, the factors upon which the trial court relied in the first instance had been removed when the issue was considered a second time.