**John R. SOWERS, Appellant (Plaintiff Below),**

v.

**COVERED BRIDGE TREE SERVICE, Appellee (Defendant Below).**

**No. 93S02–9310–EX–1151.**

Supreme Court of Indiana.

Oct. 22, 1993.

James P. Buchanan, Buchanan & Buchanan, Lebanon, for appellant.

James E. Dowling, Lulich, Murphy & Dowling, Indianapolis, for appellee.

ON PETITION TO TRANSFER

SHEPARD, Chief Justice.

The question is whether the Workers Compensation Board has authority to impose a lien on the proceeds an injured worker collects from a third party. We hold it does not.

Appellant John Sowers suffered a work-related accident in 1984 while employed by Covered Bridge Tree Service. Tri–County Telephone Co. engaged Covered Bridge for this work in order to facilitate mounting cable television lines on utility poles. The accident occurred on property owned by Halden and Rita Bodkins.

Sowers filed a workers compensation claim and received $21,000 from Covered Bridge through its workers compensation insurance carrier. Sowers also brought suit in the Clinton Circuit Court against Tri–County Telephone and the Bodkins, alleging negligence. He subsequently entered into a loan receipt agreement with the Bodkins by which they paid Sowers $60,000 and he agreed to dismiss the suit against them and pursue Tri–County. Under the agreement, any recovery from Tri–County would be used to repay the Bodkins.

After it learned about this agreement, Covered Bridge took two actions. It petitioned the Clinton Circuit Court to allow it to intervene in Sowers' suit against the Bodkins and it asked the court to grant it a

lien against the $60,000 Sowers had received under the loan receipt agreement, as provided by Ind.Code Ann. § 22–3–2–13 (West 1991). Covered Bridge also petitioned the Workers Compensation Board, asking the board to impose a lien on the $60,000 and to declare that its liability for workers compensation benefits had terminated under Ind.Code Ann. § 22–3–2–13 (West 1991).

The trial court denied Covered Bridge's request for a lien, noting that the loan receipt agreement was "not complete." This was apparently a reference to the fact that the litigation against Tri–County was still ongoing; part or all of the Bodkins' $60,000 might thus still have been subject to repayment in the event Sowers collected from Tri–County. In denying the request for a lien, the trial court denied Covered Bridge (through its insurance carrier) the opportunity to intervene.*

Thereafter, the trial court granted summary judgment for Tri–County Telephone. We affirmed. *Sowers v. Tri–County Telephone Co.* (1989), Ind., 546 N.E.2d 836. In 1990, Sowers and the Bodkins filed a stipulation for dismissal of the action upon which the loan receipt agreement was based. The trial court dismissed the case.

■ In May 1992, the Workers Compensation Board acted on Covered Bridge's request. It declared that Covered Bridge had no further liability for compensation and that Covered Bridge "is entitled to a lien as provided for by I.C. 22–3–2–13." Sowers appealed, and the Court of Appeals affirmed. *Sowers v. Covered Bridge Tree Service* (1992), Ind.App., 603 N.E.2d 165. We grant transfer.

Sowers alleges two errors by the board. First, he contends that the board has no authority to grant liens. Second, he contends that the trial court's refusal to impose a lien in 1987 is *res judicata*, barring the board from doing so in 1992. We think the Court of Appeals correctly decided this second issue adverse to Sowers, and we summarily affirm their disposition of the argument. Ind.Appellate Rule 11(B)(3).

■ As for the board's power to impose liens, we note that as an administrative body the Workers Compensation Board has only that authority conferred upon it by the statute which created it. "Its authority is not expanded by the 'common law.'" *Smith v. Thompson Constr. Co.* (1946), 224 Ind. 565, 568, 69 N.E.2d 16, 17. The Worker's Compensation Act does require that the employer or its insurance carrier be reimbursed whenever an employee whom it has compensated is later also compensated by a third party through "any settlement award, judgment or fund." As Justice DeBruler has noted, "the Legislature obviously recognized that a judgment or a settlement by an injured employee or a deceased employee's dependents, inures to the benefit of the employer or its compensation insurance carrier in every case (except where an assignment of a small judgment to the employer has taken place) to the full extent of the employer's obligation under the Act." *Ind. State Highway Comm'n v. White* (1973), 259 Ind. 690, 696, 291 N.E.2d 550, 554 (citing *Kough v. Utrad Indus.* (1971), 150 Ind.App. 110, 275 N.E.2d 572). The employer may seek reimbursement by both lien and subrogation. *Id.* The statute does not, however, empower the board to impose liens in furtherance of this right to reimbursement. The statute contemplates instead that this protection shall be afforded through court order.

Accordingly, we conclude that the Workers Compensation Board's imposition of a lien exceeded its statutory jurisdiction and we set its order aside.

DeBRULER, DICKSON and KRAHULIK, JJ., concur.

GIVAN, J., dissents with separate opinion.

---

* This was apparently an error. The workers compensation statute provides: "The employer may, within ninety (90) days after receipt of notice of suit from the employee or his dependants, join in the action upon his motion so that all orders of court after hearing and judgment shall be made for his protection." Ind.Code Ann. § 22–3–2–13 (West 1991).

GIVAN, Justice, dissenting.

I respectfully dissent from the majority opinion. I believe the Court of Appeals opinion reported at 603 N.E.2d 165 is correct in every respect.

I therefore would deny transfer in this case.