**ROSE & WALKER, INC.,**
**Appellant–Plaintiff,**

v.

**Scott E. SWAFFAR and Donna K. Swaffar, and Irwin Union Bank and Trust Company, Appellees–Defendants.**

No. 53A01–9905–CV–176.

Court of Appeals of Indiana.

Jan. 10, 2000.

Edward F. McCrea, Bloomington, Indiana, Attorney for Appellant.

Joan Tupin Crites, John A. Stroh, Columbus, Indiana, Attorneys for Appellees.

## OPINION

HOFFMAN, Senior Judge

Plaintiff–Appellant Rose & Walker, Inc. (Rose) appeals the trial court's denial of its motion for summary judgment. We affirm.

Rose raises one issue for our review, which we restate as: whether the trial court erred by denying Rose's motion for summary judgment because it did not comply with Ind.Code § 32–8–3–1.

Defendants–Appellees Scott E. Swaffar and Donna K. Swaffar (Swaffars) were having a residence built on a lot they had purchased. Rose provided insulation and drywall materials for this construction project but was never paid for these materials. Based upon this situation, Rose mailed to the Swaffars a Notice of Lien Rights and Personal Liability. Additionally, Rose recorded in the county recorder's office its Notice of Mechanic's Lien, a copy of which was also sent to the Swaffars. Rose subsequently filed a lawsuit upon its mechanic's lien. The trial court granted summary judgment in favor of the Swaffars and denied Rose's motion for summary judgment because Rose had failed to record with the county recorder a copy of the Notice of Lien Rights and Personal

Liability that it had mailed to the Swaffars. This appeal ensued.

■ The party appealing the denial of summary judgment has the burden of persuading this Court that the trial court's ruling was improper. *Morton v. Moss,* 694 N.E.2d 1148, 1151 (Ind.Ct.App.1998). Upon review of the denial of a motion for summary judgment, we apply the same standard as the trial court. We resolve any doubt as to any fact, or inference to be drawn therefrom, in favor of the non-moving party. *Id.* Summary judgment should be granted only when the designated evidentiary matter shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Ind. Trial Rule 56(C). Therefore, on appeal, we must determine whether there is a genuine issue of material fact and whether the law has been correctly applied by the trial court. *Morton,* 694 N.E.2d at 1151. A fact is material when its existence facilitates resolution of any of the issues involved. *Id.* Notwithstanding a conflict in the facts on some elements of a claim, summary judgment is appropriate when there is no dispute with regard to facts which are dispositive of the litigation. *Id.*

■ When construing a statute, we may not interpret a statute that is facially clear and unambiguous. Rather, we give the statute its plain and clear meaning. *Citizens Action Coalition of Indiana, Inc. v. Indiana Statewide Ass'n of Rural Elec. Cooperatives, Inc.,* 693 N.E.2d 1324, 1327 (Ind.Ct.App.1998). Additionally, when construing a statute, the legislature's definition of individual words is binding upon us. When the legislature has not defined a word, we give the word its common and ordinary meaning. *Id.* In order to determine the plain and ordinary meaning of words, we may consult English language dictionaries. *Id.* If a statute is ambiguous, we seek to ascertain and give effect to the legislature's intent. *Id.* In doing so, we read the individual sections of an act as a whole if it can be reconciled with the rest of the statute. *Id.* Moreover, we presume that our legislature intended its language to be applied in a logical manner consistent with the underlying goals and policy of the statute. *Id.*

[12–14] Indiana's Mechanic's Lien statute creates a lien where none exists at law or in equity. *Garage Doors of Indianapolis, Inc. v. Morton,* 682 N.E.2d 1296, 1302 (Ind.Ct.App.1997), *trans. denied,* 698 N.E.2d 1183 (1998). As a creature of statute, a mechanic's lien exists only by virtue of the claimant's compliance with the statute creating it. *Id.* Being in derogation of the common law, these statutes have historically been strictly construed. *Id.*

■ Here, the parties agree that Rose complied with Ind.Code § 32–8–3–3 entitled "Notice of intention to hold lien; filing." However, there is discord among the parties as to whether Rose complied with the requirements of Ind.Code § 32–8–3–1. This statute provides, in pertinent part:

(e) Any person, firm, partnership, limited liability company, or corporation that sells or furnishes on credit any material, labor or machinery, for the original construction of a single or double family dwelling for the intended occupancy of the owner upon whose real estate the construction takes place to any contractor, subcontractor, mechanic, or anyone other than the owner or the owner's legal representatives shall furnish the owner of the real estate as named in the latest entry in the transfer books described in IC 6–1.1–5–4 of the county auditor, or if IC 6–1.1–5–9 applies, the transfer books of the township assessor with a written notice of the delivery or labor and the existence of lien rights within sixty (60) days from the date of the first delivery or labor performed and *shall file a copy of the written notice in the recorder's office of the county within sixty (60) days from the date of the first delivery or labor performed.* The furnishing of such no-

tice shall be a condition precedent to the right of acquiring a lien upon the real estate or upon the improvement constructed on the real estate.

Ind.Code § 32–8–3–1. First, we note that the statute uses the mandatory term "shall," rather than the permissive term "may," when imposing the duty to record the notice of lien with the county recorder. Rose failed to file its notice with the recorder as required by this statute. Two purposes of this statute are: (1) to put landowners on notice that there is a lien on their property; and (2) to put any third party buyers on notice of the encumbrance on the property. The second stated purpose of the statute is left unfulfilled by Rose's failure to record its notice. The fact that in this case there is no innocent purchaser 'for value who did not receive notice of Rose's mechanic's lien is of no moment. We decline Rose's invitation to ignore the mandatory language of the statute based upon the assumption that recording the notice would have made no difference because there was no third par-

ty purchaser who unknowingly purchased encumbered land. Rather, in accordance with the strict rules of construction applied to these statutes, we conclude that Rose did not comply with the requirements of the statute. Thus, Rose has no valid mechanic's lien due to its failure to comply with the appropriate statute.

Based upon the foregoing, we conclude that Rose's failure to comply with Ind. Code § 32–8–3–1 was fatal to its attempt to secure a mechanic's lien on the Swaffars' property. The trial court properly denied Rose's motion for summary judgment.

Affirmed.

NAJAM, J., and BAILEY, J., concur.

who will have an opportunity to observe the demeanor of the witness as he testifies.