**CONSECO FINANCE SERVICING CORP., formerly known as Green Tree Financial Servicing Corporation, Appellant,**

v.

**FRIENDLY VILLAGE OF INDIAN OAKS, Appellee.**

No. 10A04–0110–CV–472.

Court of Appeals of Indiana.

Aug. 23, 2002.

William F. Thompson, Indianapolis, IN, Attorney for Appellant.

C. Allan Hoffer, New Albany, IN, Attorney for Appellee.

**OPINION**

NAJAM, Judge.

### STATEMENT OF THE CASE

In March 2000, Conseco Finance Servicing Corporation ("Conseco"), formerly known as Green Tree Financial Servicing Corporation, filed a replevin action against Friendly Village of Indian Oaks ("Friendly Village") seeking, among other things, possession of a mobile home in which Conseco held a secured interest. Friendly Village filed its answer and later filed a counterclaim against Conseco asserting a statutory lien on the mobile home pursuant to Indiana Code Section 16–41–27–29. Following a bench trial, the court ruled against Conseco on its claim, in favor of Friendly Village on its counterclaim and

awarded Friendly Village $1,614 in damages. This appeal ensued.

### ISSUES

Conseco raises one issue for our review, which we separate into the following three issues:

1. Whether Friendly Village acquired a valid mobile home park owner's lien under Indiana Code Section 16–41–27–29.

2. Whether Conseco's perfected security interest takes priority over Friendly Village's statutory lien.

3. Whether the trial court erred when it awarded damages to Friendly Village.

We affirm in part, reverse in part, and remand with instructions.

### FACTS AND PROCEDURAL HISTORY

In July 1997, Hilda Coghill entered into an installment contract and security agreement with Conseco for the purchase of a mobile home. Conseco perfected its security interest in Coghill's mobile home when it recorded its lien on the certificate of title. Then on August 15, 1997, Coghill signed a month-to-month lease agreement with Friendly Village, which operated a mobile home park. Coghill leased lot # 496 from Friendly Village and agreed to pay a monthly lot rent. On August 6, 1997, Conseco sent Friendly Village notice by certified mail that it held a security interest in Coghill's mobile home and requested that Friendly Village notify it if the home became vacant or rent was delinquent.

On or about January 1999, Coghill vacated the mobile home, and her lot rent became delinquent. At some point, Friendly Village notified Conseco that Coghill had

vacated the home and that lot rent was due. At trial, the parties stipulated that Friendly Village did not notify Conseco of either the vacancy or the delinquent lot rent by certified mail. Rather, Friendly Village sent invoices by facsimile to Conseco requesting rent payments.

In March 1999, Coghill filed for bankruptcy, and Conseco obtained an order from the bankruptcy court granting relief from the stay of proceedings and allowing Conseco to seek possession of the mobile home. Also in March 1999, Conseco began making payments to Friendly Village toward Coghill's delinquent rent. At trial, the parties disputed whether Conseco had made those payments consistently, but it is undisputed that Conseco's last payment was made in February 2000.[1]

In March 2000, Coghill defaulted on her loan with Conseco, and Conseco sought to remove the mobile home from the park for purposes of sale. Friendly Village did not allow Conseco to remove the mobile home because of delinquent lot rent and wet weather. In late March 2000, Conseco filed its replevin action seeking judgment for possession of the mobile home and damages for loss of use of funds as a result of Friendly Village's alleged unlawful retention of the home. Friendly Village filed an answer and affirmative defenses claiming that, under Indiana Code Section 16–41–27–29, it had acquired a lien by its possession of the home and that its lien is superior to Conseco's secured interest. In

its prayer for relief, Friendly Village requested that it be allowed to enforce its lien rights prior to Conseco's repossession of the mobile home.

In May 2000, Conseco posted a surety bond and took prejudgment possession of the mobile home. In June 2000, Conseco removed the mobile home from the park and sold it for $26,011, with $22,710 in net proceeds. Thereafter in March 2001, Friendly Village filed a counterclaim against Conseco reasserting its statutory lien pursuant to Indiana Code Section 16–41–27–29. Friendly Village again alleged that its statutory lien takes priority over Conseco's security interest and that because Conseco had repossessed the mobile home without paying the outstanding statutory lien amount, Friendly Village is entitled to damages equal "to the value of the mobile home."[2]

At trial, Conseco claimed that the three-month delay in securing the sale of the home resulted in a loss of use of those funds to Conseco in the amount of $652.91. Conseco also claimed a loss on Coghill's account due to a further depreciation in the value of the home from the delay in repossession and sale. Conseco asked for $1,221.41 in total damages at trial. Friendly Village claimed that because Conseco took pre-judgment possession of the home without paying delinquent lot rent and other fees, it was entitled to $3,836.30 in damages. The trial court found against

1. The record reflects that Conseco acquired Greentree Financial Servicing Corporation on or about November 1999. At the bench trial, Friendly Village claimed that the parties' problems began when this acquisition occurred. Specifically, Friendly Village testified that prior to November 1999, Greentree Financial Servicing Corporation paid invoices in full, but after Conseco took over, Friendly Village's accounting department had problems deciphering Conseco's payments. For example, Friendly Village claimed that Conse-

co sent lump sum checks for several accounts as opposed to individual checks for the Coghill account. In addition, Conseco withheld a percentage of the amount owed for tax purposes. As a result, Friendly Village returned several checks to Conseco.

2. Friendly Village also alleged in its counterclaim that Conseco's surety bond was available to pay damages in the event Conseco failed to pay Friendly Village in full.

Conseco on its complaint and for Friendly Village on its counterclaim. The court awarded Friendly Village $1,614 in damages, plus post-judgment interest. Conseco filed a motion to correct error, which the court denied. Conseco now appeals.

## DISCUSSION AND DECISION

### Standard of Review

 Neither party requested special findings, and the trial court made no findings sua sponte. Thus, Conseco appeals from a general judgment. A general judgment will be affirmed if it can be sustained upon any legal theory consistent with the evidence. *Shelby Eng'g Co., Inc. v. Action Steel Supply, Inc.*, 707 N.E.2d 1026, 1027 (Ind.Ct.App.1999). In making that determination we neither reweigh the evidence nor judge the credibility of witnesses. *Id.* Rather, we consider only the evidence most favorable to the judgment together with all reasonable inferences to be drawn therefrom. *Id.* In reviewing a general judgment, we must presume the trial court correctly followed the law. *Perdue Farms, Inc. v. Pryor*, 683 N.E.2d 239, 240 (Ind.1997). A general judgment will be affirmed unless the uncontradicted evidence leads to a conclusion opposite that reached by the trial court. *Town of Avon v. Harville*, 718 N.E.2d 1194, 1198 (Ind.Ct. App.1999), *trans. denied.*

### Issue One: Mobile Home Park Owner's Lien

██ Conseco first asserts that the trial court's judgment is contrary to law because Friendly Village did not acquire a valid lien against Coghill's mobile home pursuant to Indiana Code Section 16–41– 27–29. Specifically, Conseco contends that Friendly Village did not comply with subsection (b) of the statute and notify Conse-

co by certified mail that the mobile home had been vacated or that lot rent had become delinquent. Conseco claims that the mobile home park owner must meet the requirements of subsection (b) in order for the park owner to acquire a valid lien.

Indiana Code Section 16–41–27–29 provides:

(a) Subject to subsection (b), the owner, operator or caretaker of a mobile home park has a lien upon the property of a guest in the same manner, for the same purposes, and subject to the same restrictions as an innkeeper's lien or a hotel keeper's lien.[3]

(b) With regard to a lienholder:

(1) if the property has a properly perfected secured interest under IC 9– 17–6–7; and

(2) the lienholder has notified the owner, operator, or caretaker of the mobile home park of the lienholder's lien by certified mail;

the maximum amount of the innkeeper's lien may not exceed the actual late rent owed for not more than a maximum of sixty (60) days immediately preceding notification by certified mail to the lienholder that the owner of the property has vacated the property or is delinquent in the owner's rent.

(c) If the notification to the lienholder under subsection (b) informs the lienholder that the lienholder will be responsible to the owner, operator, or caretaker of the mobile home park for payment of rent from the time notice is received until the mobile home is removed from the park, the lienholder is liable for the payment of rent that accrues after the notification.

Additionally, Indiana Code Section 9–17– 6–7 states:

**3.** *See* Ind.Code § 32–8–27–2 (lien for accommodation charges; sale enforcing).

A security agreement covering a security interest in a manufactured home that is not inventory held for sale may only be perfected by indicating the security interest on the certificate of title or duplicate certificate of title for the manufactured home issued by the bureau.

It is well settled that liens may be created by statute or by express or implied contracts. *Sowers v. Covered Bridge Tree Serv.*, 603 N.E.2d 165, 168 (Ind.Ct.App. 1992), *aff'd*, 621 N.E.2d 1111 (Ind.1993). When a lien is created by statute, its operation and extent, and persons entitled to the lien, " 'are to be determined by the language of the statute.' " *Id.* (quoting 18 INDIANA LAW ENCYCLOPEDIA, Liens § 2 (1959)). When deciding questions of statutory interpretation, appellate courts need not defer to a trial court's interpretation of the statute's meaning. *Elmer Buchta Trucking, Inc. v. Stanley,* 744 N.E.2d 939, 942 (Ind.2001). Rather, we independently review the statute's meaning and apply it to the facts of the case under review. *Id.* When a statute is clear and unambiguous on its face, this court may not interpret the statute. *South Bend Tribune v. South Bend Comm. School Corp.*, 740 N.E.2d 937, 938 (Ind.Ct.App.2000) (citations omitted). Instead we must hold the statute to its clear and plain meaning. *Id.*

Indiana Code Section 16-41-27-29 is unambiguous and, therefore, not subject to interpretation. Subsection (a) of the statute clearly states that the owner of a mobile home park has a lien upon the property of a guest but that the lien is "[s]ubject to subsection (b)." Then subsection (b)

explains the consequences to the mobile home park owner when the property is subject to a properly perfected secured interest under Indiana Code Section 9-17-6-7. In that situation, subsection (b) provides that if a lienholder notifies the owner of the mobile home park by certified mail of its perfected security interest, the owner of the mobile home park has an obligation to notify the lienholder *by certified mail* when the property becomes vacant or rent becomes delinquent. Because subsection (a) provides that the mobile home park owner's lien is subject to subsection (b), it follows that the mobile home park owner must comply with the requirements of subsection (b) to perfect its lien.

■ In this case, it is undisputed that Conseco has a perfected security interest in Coghill's mobile home. As required by Indiana Code Section 9-17-6-7, Conseco recorded its lien on the certificate of title to the home. It is also undisputed that Conseco notified Friendly Village via certified mail of its perfected security interest.[4] In fact, the letter Conseco sent to Friendly Village states that, "[if] the property becomes vacant or if there is a delinquency in the rent, please notify our Collection Department at the above address." As a result, under the terms of the statute Friendly Village was required to notify Conseco by certified mail when Coghill vacated the home or rent became delinquent.

Still, Friendly Village contends that it was reasonable for the trial court to interpret Indiana Code Section 16-41-27-29 to

4. On appeal, Friendly Village attacks Conseco's trial exhibit 9, which contained a letter informing Friendly Village of Conseco's security interest and the certified mail receipt. Specifically, Friendly Village notes that the letter is not signed and the return receipt states "8-11" with no year. Given these facts, Friendly Village argues that the trial court could have determined that Conseco's duty to provide notice via certified mail was not met. Brief of Appellee at 5. Still, Friendly Village lodged no objection to the exhibit at trial and offered no evidence to contradict the exhibit. Thus, the exhibit is undisputed evidence for purposes of our review.

allow a mobile home park owner to acquire a perfected lien without complying with the certified mail notice requirement. In support, Friendly Village directs us to subsection (c) of the statute and asserts that the statute establishes only an incentive for the mobile home park owner to "respond" to a lienholder's notification of a properly perfected secured interest. Friendly Village misreads the clear terms of the statute.

Subsection (b) allows a mobile home park owner to acquire a lien *if,* after receiving notice of a properly perfected secured interest, the mobile home park owner notifies the lienholder by certified mail that the property has been vacant and rent is delinquent. Under subsection (b), the amount of the lien is limited to the actual late rent owed for no more than sixty days immediately preceding the mobile home park owner's notification by certified mail. Under subsection (c), however, the mobile home park owner may reap potential benefits if, when it notifies the lienholder by certified mail that the property has been vacated and rent is delinquent, the park owner also informs the lienholder that the lienholder will be responsible for payment of rent "from the time the notice is received until the mobile home is removed from the park." Subsection (c) does not state that notice by certified mail to the lienholder is optional. Rather, it prescribes the content of the notice. Specifically, under subsection (c), the mobile home park owner may draft the required notice to the lienholder in such a way that

the mobile home park owner may (1) obtain potentially more delinquent rent from the lienholder than under subsection (b), or (2) ensure the lienholder's prompt removal of the mobile home, which will open the lot for a new renter. Thus, Friendly Village's argument that an alternative interpretation of the statute is reasonable lacks merit. We hold that in order to for a mobile home park owner to perfect its lien pursuant to Indiana Code Section 16–41–27–29, the park owner must notify the lienholder by certified mail when the home becomes vacant or rent becomes delinquent.[5]

■ Nevertheless, in this case Conseco concedes that at some point it received actual notice that Coghill had vacated the home and that the lot rent was delinquent. And Conseco began making payments to Friendly Village on the delinquent rent in March 1999. At trial, Friendly Village introduced copies of facsimiles addressed to Conseco regarding lot rent and other fees owed on the property. Thus, the question remains whether Friendly Village substantially complied with the notice requirement under Indiana Code Section 16–41–27–29.

■ Neither this court nor our supreme court has had occasion to address the notice requirement under the mobile home park owner's lien statute. A mobile home park owner's lien is analogous to a mechanic's lien in that both "are statutory creations and are in derogation of common law." *See SLR Plumbing & Sewer, Inc. v. Turk,* 757 N.E.2d 193, 199 (Ind.Ct.App.

---

5. Friendly Village cites both to *Nicholson's Mobile Home Sales, Inc. v. Schramm,* 164 Ind.App. 598, 330 N.E.2d 785 (Ind.Ct.App. 1975), and *Van Bibber v. Norris,* 275 Ind. 555, 419 N.E.2d 115 (1981), to support its assertion that possession of the mobile home is the only requirement for the perfection of a mobile home park owner's lien. As Conseco notes, however, these cases were decided un-

der former Indiana Code Section 13–1–17–33, which our legislature repealed and replaced with the current mobile home park owner's lien statute, Indiana Code Section 16–41–27–29. We agree with Friendly Village that its lien arises from physical possession of the mobile home, but the current statute requires more than mere possession to perfect the lien.

2001); *Rose & Walker, Inc. v. Swaffar,* 721 N.E.2d 899, 901 (Ind.Ct.App.2000), *trans. denied.* As a result, the mobile home park owner's lien statute, like the mechanic's lien statute, must be strictly construed. *Id.*

■ Still, this court has rejected "the idea that our entire mechanic's lien statute must be strictly construed with such hypertechnicality so as to frustrate the remedial purpose of the legislation." *Beneficial Finance Co. v. Wegmiller Bender Lumber Co.,* 402 N.E.2d 41, 45 (Ind.Ct.App.1980). In *Beneficial,* we addressed whether a lien claimant had complied with the filing requirement of the mechanic's lien statute, Indiana Code Section 32–8–3–3, when the claimant's notice of lien contained only one of two property owner's names. As we stated in that case:

> Whether there has been substantial compliance by the lien claimant depends upon the degree of non-compliance with the letter of the statute, the policy which underlies the particular statutory provision in question, and the prejudice which may have resulted to either the owner of the property or other third parties who have an interest in the real estate.

*Id.* After discussing the objectives of the filing requirement under the mechanic's lien statute,[6] we held that the lien claimant in *Beneficial* had substantially complied with the statute. *Id.* at 46. Because the mechanic's lien statute and the mobile home park owner's statute are analogous, we apply the same reasoning here to determine whether Friendly Village substantially complied with the notice requirement under Indiana Code Section 16–41–27–29.

■ The notice requirement for the mobile home park owner's lien statute serves one objective, which is to place a lienholder on notice that the home has been vacated and/or that the lot rent is delinquent. Indiana Code Section 16–41–27–29 is not designed to put third party purchasers or money lenders on notice of the fact that the mobile home park owner has acquired a lien on the home. In fact, one important difference between the two statutory notice requirements is that the mechanic's lien notice must be filed in the county recorder's office. Notice of a mobile home park owner's lien must be served only on the lienholder by certified mail.

■ With this policy objective in mind, we turn to the degree of Friendly Village's noncompliance with the notice requirement and whether its noncompliance resulted in prejudice. As we have discussed, the undisputed facts show that Friendly Village did not send notice to Conseco by certified mail. But Friendly Village did notify Conseco by facsimile that Coghill had vacated her home and that rent was delinquent. Conseco not only had actual notice but also made payments to Friendly Village on lot rent for approximately one year. Having received and acted upon the notice, Conseco cannot show harm or prejudice from Friendly Village's failure to send notice by certified mail.[7] On these facts, we conclude that

---

**6.** The filing requirement for a mechanic's lien serves two policy objectives: (1) to provide the record title holder of the property with notice of the fact that a mechanic's lien has been placed upon the real estate, and (2) to put third party purchasers and money lenders on notice of the same fact. *Beneficial,* 402 N.E.2d at 46; *Logansport Equip. Rental, Inc.*

*v. Transco, Inc.,* 755 N.E.2d 1135, 1137 (Ind. Ct.App.2001).

**7.** We also note that Conseco's actions conflict with its legal assertions. In particular, Conseco made payments to Friendly Village on the Coghill account for approximately one year. When the parties had a dispute about Conseco's right to remove the home, Conseco

Friendly Village substantially complied with the notice provision under Indiana Code Section 16–41–27–29, and we affirm the judgment of the trial court that Friendly Village acquired a valid lien on Coghill's mobile home.[8]

### Issue Two: Priority of Liens

█ Conseco argues in the alternative that if we determine Friendly Village acquired a perfected lien, Conseco's perfected security interest in Coghill's mobile home takes priority over Friendly Village's statutory lien. And because the sale of the home was insufficient to satisfy Conseco's lien, Conseco asserts that there was no equity to satisfy Friendly Village's lien. Friendly Village, however, asserts that Indiana Code Section 26–1–9–310 determines the priority of the parties' respective liens and that under that statute its lien takes priority. We agree with Friendly Village.

█ Indiana Code Section 26–1–9–310 provides: [9]

filed suit and claimed, despite its past payments, that Friendly Village had not perfected its lien. Then, instead of claiming a full refund for any and all payments made to Friendly Village, Conseco asserts that it is entitled to a refund on the amount it "voluntarily" overpaid to Friendly Village. Under these circumstances, we question Conseco's challenge to Friendly Village's lien. A person with full knowledge of the facts and who is aware of his rights who nevertheless stands by and acquiesces in conduct inconsistent with those rights may be estopped from subsequently asserting those rights. *Miller v. Geels*, 643 N.E.2d 922, 931 (Ind.Ct.App.1994).

8. Conseco complains on appeal that, in its general judgment in favor of Friendly Village, the trial court provided no legal basis for awarding Friendly Village a "personal money judgment." We disagree. As Friendly Village pleaded in its counterclaim, the trial court required Conseco to post a surety bond pursuant to Indiana Code Section 34–21–5–1 prior to taking pre-judgment possession of the mobile home. A replevin bond is a contract and is to be interpreted like any other contract. *Kegerreis v. Auto–Owners Ins. Co.*, 484 N.E.2d 976, 980–81 (Ind.Ct.App.1985). The surety bond provides that Conseco, as the plaintiff, and Western Surety Company, its surety, shall pay any judgment rendered against Conseco, not exceeding the value of the mobile home and costs of the action. Therefore, the terms of the bond permit Friendly Village to obtain a personal judgment against Conseco.

Additionally, Conseco asserts that because the court's general judgment did not expressly state that Friendly Village had acquired a valid mobile home park owner's lien, and

Friendly Village did not file a cross motion to correct error on this issue, Friendly Village has waived argument on appeal that it had obtained a valid statutory lien. Conseco's argument is not well taken. In both its affirmative defenses and counterclaim, Friendly Village sought unpaid lot rent from Conseco pursuant to Indiana Code Section 16–41–27–29. The trial court's general judgment states in relevant part that it finds in favor of Friendly Village on its counterclaim and awards damages accordingly. Further, as we have noted, in an appeal from a general judgment, we will affirm if the judgment is sustainable on any theory consistent with the evidence. *Stroud v. Lints*, 760 N.E.2d 1176, 1187 (Ind.Ct.App.2002). Contrary to Conseco's claim, it is apparent from the record that the judgment was based on the trial court's determination that Friendly Village had acquired a valid mobile home park owner's lien. Thus, Friendly Village did not waive this argument on appeal.

9. As Conseco points out, the legislature repealed this section effective July 1, 2001, and replaced it with Indiana Code Section 26–1–9.1–333. Conseco contends that Indiana Code Section 26–1–9–310 does not apply to this case because the bench trial and judgment occurred on July 16 and 17, 2001, respectively. Conseco is mistaken. The statute in effect at the time the action was commenced governs. *See State v. Hensley*, 661 N.E.2d 1246, 1249 (Ind.Ct.App.1996) (statute of limitations in effect at the time lawsuit is commenced governs the action). Moreover, absent an express indication otherwise, we presume that the legislature intends statutes and amendments to apply prospectively. *New Albany–*

When a person in the ordinary course of his business furnishes services or materials with respect to goods subject to a security interest, a lien upon the goods in the possession of such person given by statute or rule of law for such materials or services takes priority over a perfected security interest unless the lien is statutory and the statute expressly provides otherwise.

Indiana Code Section 16–41–27–29 is silent on the priority of competing liens. Thus, pursuant to Indiana Code Section 26–1–9–310, Friendly Village's statutory lien takes priority over Conseco's perfected security interest. *See Van Bibber v. Norris*, 275 Ind. 555, 419 N.E.2d 115, 125 (1981) (lien under former mobile home park owner's lien statute, I.C. § 13–1–7–33, took priority over a perfected security interest under I.C. § 26–1–9–310).[10]

Moreover, the cases Conseco cites in support of its assertion that its perfected security interest takes priority over Friendly Village's statutory lien are inapposite. Specifically, *Conseco Finance Servicing v. Old Nat'l Bank*, 754 N.E.2d 997 (Ind.Ct.App.2001), involves the priority between a perfected security interest and a security interest arising under a mortgage, not a statutory lien like the mobile home park owner's lien. Unlike in that case, Indiana Code Section 26–1–9–310 governs the priority of Conseco's and Friendly Village's liens.

Conseco also relies upon *Church Bros. Body Serv. v. Merchants Nat'l Bank and Trust Co.*, 559 N.E.2d 328, 330 (Ind.Ct. App.1990), to support its argument that

because the mobile home park owner's lien is silent as to priority, this court should look to common law rules for priority. *Church Bros.* states that Indiana Code Section 26–1–9–310 covers only possessory liens. *Id.* at 330. We determined in that case that Indiana Code Section 26–1–9–310 does not govern the priority between a non-possessory mechanic's lien and a perfected security interest, and that the general rule under common law is that "both possessory and non-possessory mechanic's liens are subordinate to a prior recorded mortgage or conditional sales contract." *Id.* at 331. Despite the general common law rule, we held in *Church Bros.* that the non-possessory mechanic's lien takes priority over the perfected security interest because the mortgagor required the mortgagee to obtain repairs as needed in order to preserve the value of the automobile for the benefit of the mortgagor. *Id.* at 332.

Despite Conseco's assertions to the contrary, the mobile home park owner's lien is a possessory lien. The lien arises from Friendly Village's physical possession of the mobile home. That Indiana Code Section 16–41–27–29 requires the mobile home park owner to provide notice to a lienholder by certified mail to perfect its lien does not change the possessory nature of the lien. *See* n. 5, *supra.* Therefore, Indiana Code Section 26–1–9–310 governs and, under that statute, Friendly Village's statutory lien takes priority over Conseco's perfected security interest.

### Issue Three: Damage Award

█ Finally, Conseco argues that the trial court's award of damages to Friendly

---

*Floyd County Educ. Ass'n v. Ammerman*, 724 N.E.2d 251, 259 (Ind.Ct.App.2000).

**10.** We dismissed Friendly Village's reliance on *Van Bibber* in support of its proposition that possession is all that is required for a perfected mobile home park owner's lien because that case was decided before the legis-

lature enacted the current and more specific version of the mobile home park owner's lien statute. *See* n. 5, *supra.* However, *Van Bibber* is controlling authority to the extent that it discusses the priority of a mobile home park owner's lien over a perfected security interest.

Village is clearly erroneous. Specifically, Conseco asserts that if Friendly Village acquired a valid mobile home park owner's lien, Friendly Village was entitled only to "actual lot rent" under the mobile home park owner's lien statute. We agree with Conseco.

Indiana Code Section 16–41–27–29(b) provides that, with regard to a lienholder who has a perfected security interest and has notified the mobile home park owner of the lien by certified mail, "the maximum amount of the innkeeper's [mobile home park owner's] lien may not exceed the *actual lot rent* owed . . . ." (Emphasis added). Additionally, subsection (c) of the statute provides that if the mobile home park owner's notice to the lienholder informs the lienholder that it will be liable for *"rent* from the time notice is received until the mobile home is removed from the park, the lienholder is liable for the payment of *rent* that accrues after the notification." (Emphases added). As we have discussed, because the mobile home park owner's lien is a statutory creation in derogation of common law, we must strictly construe its provisions. *See SLR Plumbing & Sewer, Inc.*, 757 N.E.2d at 199. The statute provides for "rent" and nothing more. We apply the well-established statutory construction maxim *expressio unius est exclusio alterius,* which means that the enumeration of certain things in a statute implies the exclusion of all others. *Memorial Hosp. v. Szuba,* 705 N.E.2d 519, 523 (Ind.Ct.App.1999). Accordingly, Friendly Village's statutory lien entitled it to receive only rent owed from Conseco.

But the trial court's damage award compensated Friendly Village for various fees in addition to rent. In particular, the trial court based its damages calculation on De-

fendant's Exhibit 3, an invoice that contains an itemized list of fees owed on the Coghill account from November 1999 to June 2000. In addition to "Lot Rent," the invoice includes charges for a "Late Fee," "Lawn Service," and "Legal Fee." The sum total Friendly Village claimed was $2,700. In determining damages, the trial court took the total $2,700 amount owed and subtracted $671 in legal fees and a $365 payment made by Conseco.[11] Thus, the trial court included not only actual lot rent owed but also late fees, lawn service fees and attorney's fees. Because the statute provides only for lot rent, the court erred when it awarded Friendly Village damages for items in addition to rent.

■ Conseco also argues that it had overpaid lot rent as of March 2000 when it tried to repossess the mobile home and, thus, no additional lot rent was due nor could accrue. Conseco claims that the trial court should have awarded Conseco a refund on the amount of lot rent overpaid and damages for Friendly Village's "unlawful detention" of the mobile home from March through June 2000.

During the bench trial, the parties presented conflicting evidence regarding both the amount Conseco paid to Friendly Village on the Coghill account and whether Conseco had overpaid or underpaid the total amount due. Merl Allen, caretaker of the mobile home park, testified that when Conseco took over from Green Tree Financial Services on or about November 1999, the mobile home park had difficulties receiving full payments. For example, Allen testified that Conseco sent checks that included payments for multiple accounts and only a portion of each check was attributable to the Coghill account. In addi-

---

11. Defendant's Exhibit 3 shows legal fees for both April and May of 2000 in the amounts of $50 and $671 respectively. In calculating damages, the trial court subtracted $671 from May of 2000 but included $50 from April of 2000.

tion, there was a dispute regarding withholding, which Conseco claims the Internal Revenue Service required. As a result of these accounting problems, Allen testified that the park returned many of the checks to Conseco. In addition, Allen stated that Friendly Village would not allow Conseco to remove the mobile home in March 2000 because it owed approximately $900 in delinquent rent and that wet weather prevented the home from being moved.

As we have discussed, Conseco appeals from a general judgment and, thus, it was the trial court's prerogative to weigh the evidence and determine credibility in reaching its judgment. *See Transcontinental Ins. Co. v. J.L. Manta, Inc.,* 714 N.E.2d 1277, 1284 (Ind.Ct.App.1999). Allen's testimony is sufficient to support the trial court's judgment and decision to award damages to Friendly Village. Conseco's arguments amount to a request that we reweigh the evidence and assess the credibility of the witnesses, tasks not within our prerogative on appeal.

In sum, we conclude that the trial court's award of damages to Friendly Village was clearly erroneous in that the award included various fees in addition to rent owed. Indiana Code Section 16–41–27–29 allows a mobile home park owner's lien for rent only. Thus, we remand to the trial court with instructions to recalculate damages in a manner consistent with the statute. We otherwise affirm the court's award.

## CONCLUSION

We conclude that Friendly Village acquired a valid mobile home park owner's lien, even though it did not provide notice to Conseco by certified mail. Friendly Village gave Conseco actual notice, Conseco knew that the mobile had been vacated and that lot rent was delinquent, and Conseco paid lot rent. Thus, Conseco suffered no prejudice from Friendly Village's failure to provide notice by certified mail. We further conclude that Conseco's perfected security interest is subordinate to Friendly Village's statutory lien. Finally, we conclude that the trial court's award of damages is erroneous to the extent that it included fees in addition to lot rent, and we remand for a recalculation of damages consistent with this opinion.

Affirmed in part, reversed in part and remanded with instructions.

BAILEY, J., and ROBB, J., concur.