**LAKE COUNTY AUDITOR,**
**Appellant–Defendant,**

v.

**Lonnie BURKS, Appellee–Plaintiff.**

**No. 45A03–0203–CV–78.**

Court of Appeals of Indiana.

March 10, 2003.

Edward R. Hall, Merrillville, IN, Attorney for Appellant.

David Paul Allen, Hammond, IN, Attorney for Appellee.

## OPINION

FRIEDLANDER, Judge.

The Lake County Auditor (Lake County) appeals the trial court's determination that Lonnie Burks was entitled to the tax surplus from the sale of property located at 4013 Carey Street, East Chicago, Indiana (the Property). Lake County presents as the sole issue on appeal: Did the trial court erroneously determine that Burks was entitled to the tax sale surplus as the sole heir of the record owner's real estate?

We reverse.[1]

The facts reveal that Burks was raised by her great aunt Ruth Johnson and Ruth's husband, Robert Johnson, who acquired the Property around 1956. Burks lived at the Property with the Johnsons until she married at age twenty-one. Other residents at the Property during that time period included Ruby Tharpe and her husband Prince Tharpe. Robert died November 13, 1971, and Ruth died November 26, 1978.

The Last Will and Testament of Robert granted rights in the Property to Lonnie Jean Burks and Ruby Burks (who became Ruby Tharpe by marriage). The will was never probated. Although Robert's Last Will and Testament mentioned his son Frank Johnson, daughter Josephine Johnson, and grandchildren Brenda Chandler and Janice Hines, it made no provision for the benefit of those decedents. Moreover, they are all deceased with no known heirs, and Ruth never had any children.

Ruby also died childless on November 11, 1985. Prince continued living on the Property following Ruby's death until Burks returned to the Property in 1986. He then went to a nursing home until his death. Upon Burks's return, there were several delinquent bills which she paid.[2] Burks also made tax payments, some of which indicated delinquencies.[3] Although several payments were made using personal checks in her name, the name listed on the tax assessment rolls remained "Bob Johnson et al." Other accounts including those with the water and energy companies were, however, changed to reflect Burks's name. Eventually, Burks was unable to make the required tax payments. On September 23, 1998, the Property was sold to Ironwood Acceptance Co., LLC at a Lake County Treasurer's Sale.[4] The sale resulted in a tax surplus.

On April 12, 2000, Burks filed a Complaint for Declaratory Judgment and Other Relief asking the court to declare her to be the owner of the Property retroactive to the date of the Treasurer's Tax Sale of September 23, 1998. She sought such a

---

1. We hereby deny Lake County's request for oral argument.

2. It is unclear from the record the exact amount paid by Burks. The evidence reveals a deposit in the amount of forty-five dollars paid to the Northern Indiana Public Service Company in August 1989. A deposit in the amount of forty dollars was also paid to the Department of Water Works in February 1988. Although the Appendix contains several utility bills evidencing Burks's name on the

account, it is unclear which bills were actually paid.

3. Again, the record is unclear as to the exact amount paid by Burks. Burks testified that she paid over one thousand dollars in delinquent taxes upon her return in 1986.

4. Burks lived there continuously until the 1998 tax sale.

declaration so as to entitle her to the surplus funds resulting from the sale of the Property. After a hearing on the matter, the trial court ruled that Burks was entitled to the tax sale surplus as the only surviving heir of the record owner of the real estate.

Lake County contends that the trial court erroneously determined that Burks was entitled to the tax sale surplus. Lake County argues that in order to give the statute its plain and clear meaning, a person claiming the surplus must have a recorded ownership interest in the property. Because Burks did not have a legally recorded property interest at the time of the sale, Lake County reasons that she is not entitled to the tax sale surplus.[5]

Ind.Code Ann. § 6–1.1–24–7(b) (West, PREMISE through 2002 1st Special Sess.) provides in pertinent part as follows:

> The (1) *owner of record* of the real property at the time the tax deed is issued who is divested of ownership by the issuance of a tax deed; or (2) tax sale purchaser or purchaser's assignee, upon redemption of the tract or item of real property; may file a verified claim for money which is deposited in the tax sale surplus fund. (emphasis supplied).

■ When deciding questions of statutory interpretation, appellate courts need not defer to a trial court's interpretation of the statute's meaning. *Conseco Fin. Serv. Corp. v. Friendly Vill. of Indian Oaks*, 774 N.E.2d 87 (Ind.Ct.App.2002), *trans. denied.* Rather, we independently review the statute's meaning and apply it to the facts of the case under review. *Id.* The primary goal of statutory interpretation is to give effect to the intention of the legislature. *Town of Leo–Cedarville v. Indiana Alcoholic Beverage Comm'n*, 754 N.E.2d 1041 (Ind.Ct.App.2001), *trans. denied.* This is accomplished by examining the statutory language. *Id.* When a statute is clear and unambiguous on its face, this court may not interpret the statute. *Conseco Fin. Serv. Corp. v. Friendly Vill. of Indian Oaks*, 774 N.E.2d 87. Instead we must hold the statute to its clear and plain meaning. *Id.*

■ IC § 6–1.1–24–7 is unambiguous and, therefore, not subject to interpretation. Subsection (b) of the statute clearly states that the *owner of record* of the real property at the time the tax deed is issued may file a verified claim for money which is deposited in the tax sale surplus fund. Thus, we decline to extend the benefits of IC § 6–1.1–24–7 to a non-record owner such as Burks.[6]

Although Burks may have acquired an interest in the Property in accordance with the laws of intestate succession despite her failure to probate Robert's will, Ind.Code Ann. § 29–1–2–1 (West 1999), Burks's interest in the Property was never recorded. Similarly, Burks's argument that she obtained the Property by adverse possession

---

5. Because the record owner, Robert Johnson, is deceased, and the three-year time limitation for claiming the tax sale surplus has expired, this necessarily results in the surplus being transferred by the county auditor from the tax sale surplus fund to the county general fund. IC § 6–1.1–24–7(d).

6. While there is no case directly addressing the issue, our interpretation is consistent with the strict construction of the notice requirements of the statute authorizing the issuance of a tax deed. IC § 6–1.1–25–4.6 (West,

PREMISE through 2002 1st Special Sess.) provides that notice of the filing of a petition for issuance of a tax deed "shall be given to the owner and any person with a substantial interest of public record in the tract or real property." Applying this provision, this court held that the owner of property, who failed to record his warranty deed, was not entitled to notice of the petition for issuance of a tax deed. *Sisson v. Wilson*, 700 N.E.2d 494 (Ind. Ct.App.1998), *trans. denied.*

fails to give her rights to the tax sale surplus as it does not make her the owner of record.[7] Having determined that Burks failed to properly record her interest in the county recorder's office, we conclude that she was not entitled to receive the tax surplus from the sale of the Property.

Although the equities in this case favor the granting of the tax sale surplus to Burks, we are constrained by the fundamental rule of statutory construction: courts are bound to give effect to the plain and unambiguous meaning of language employed in statutes. *Conseco Fin. Serv. Corp. v. Friendly Vill. of Indian Oaks,* 774 N.E.2d 87. To allow Burks to recover the surplus based solely on her ownership interest in the Property would be to read the phrase "of record" out of the statute. This we cannot do. If the legislature wishes to permit all persons with an ownership interest to recover the tax sale surplus, it is free to do so. We decline, however, to extend the benefits of the statute by judicial fiat.

Judgment reversed.

NAJAM and SHARPNACK, JJ., concur.

---

7. Because we conclude that Burks is not the owner of record of the Property, we need not address Lake County's contention that Burks failed to prove the requisite elements for a claim of adverse possession.