## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Jul 10 2018, 8:44 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

APPELLANT *PRO SE*

Diane Seiwert
Lawrenceburg, Indiana

ATTORNEYS FOR APPELLEES

Joseph W. Votaw, III
Votaw and Schwarz
Lawrenceburg, Indiana

Susan M. Salyer
Ruggiero & Salyer, LPA
Cincinnati, Ohio

## IN THE
# COURT OF APPEALS OF INDIANA

Diane Seiwert and 19942 Longview Drive, LLC,

*Appellants/Defendants/Cross-Claim*

*Plaintiffs,*

v.

Ty Brown and Brown Roofing Co.,

*Appellees/Plaintiffs/Cross-Claim*

*Defendants.*

July 10, 2018

Court of Appeals Case No.
15A01-1707-PL-1616

Appeal from the Dearborn
Superior Court

The Honorable Jonathan N.
Cleary, Judge

Trial Court Cause No.
15D01-1611-PL-74

**Bradford, Judge.**

# Case Summary

[1] Diane Seiwert and 19942 Longview Drive, LLC ("Seiwert") appeal the trial court's judgment in favor of Ty Brown and Brown Roofing Company ("Brown"). We affirm.

# Facts and Procedural History

[2] On June 16, 2016, Seiwert contracted with Brown for the installation of copper gutters and downspouts. The parties' contract provided that the cost of installation of the gutters and downspouts would be $7000.00. After Brown had installed the gutters but before he could install the downspouts, Seiwert decided that she was not satisfied with the aesthetics of the gutters, ordered Brown to stop work, and informed him that she would not be paying for the work done to that point. Brown filed suit in the small claims court seeking payment in the amount of $5531.83. The requested amount covered both the cost of the gutters and the labor for the installation. Seiwert filed a counterclaim alleging breach of contract and negligence. The matter was transferred to the trial court. Following a multi-day trial, the trial court rejected Seiwert's counterclaim and entered judgment in favor of Brown in the amount of $5531.83.

# Discussion and Decision

# I. Whether the Contract was Void

Seiwert contends that the trial court erred as it should have found the contract at issue to be void because it lacked a start and completion date in violation of the Home Improvement Contracts Act ("HICA").[1] The HICA provides that a home improvement contract must contain the "approximate starting and completion dates of the real property improvements." Ind. Code § 24-5-11-10(a)(6). The purpose of the HICA "is to protect consumers by placing specific minimum requirements on the contents of home improvement contracts." *Benge v. Miller*, 855 N.E.2d 716, 720 (Ind. Ct. App. 2006). We have previously concluded that "the General Assembly did not intend that every contract made in violation of HICA to automatically be void." *Imperial Ins. Restoration & Remodeling, Inc. v. Costello*, 965 N.E.2d 723, 729 (Ind. Ct. App. 2012).

> Instead, we apply a balancing approach and examine the factors that courts use to determine whether or not a contract contravenes declared public policy. The considerations to be balanced are (1) the nature of the subject matter of the contract, (2) the strength of the public policy underlying the statute, (3) the likelihood that refusal to enforce the bargain or term wi[ll] further that policy, (4) how serious or deserved would be the forfeiture suffered by the party attempting to enforce the bargain, and (5) the parties' relative bargaining power and freedom to contract.

---

[1] We note that Seiwert's entire argument relating to this contention appears to be a block-quote from an uncited prior opinion of either this court or the Indiana Supreme Court. Despite Seiwert's failure to make any argument relating to the facts and circumstances surrounding this case, we have nonetheless addressed the merits of her contention.

*Id.* (internal citations omitted).

[4] The contract at issue involved two parties of seemingly equal bargaining power and freedom to contract. The parties contracted for the installation of copper gutters and downspouts. Brown began work and completed installation of the gutters before being instructed by Seiwert to stop. Brown did not remove the gutters from Seiwert's home after being instructed to stop work and the gutters remain in Seiwert's possession. To void the contract after partial completion of the contracted work would result in a windfall for Seiwert as it would leave Brown deprived of both compensation for the work completed and the cost of the materials themselves. Further, the record reveals that the underlying claims do not allege any issue related to the start or completion date of the project. For these reasons, we cannot conclude that the parties' agreement should be unenforceable against Seiwert.

## II. Breach of Contract

[5] Seiwert also contends that the trial court erred in finding in favor of Brown on the parties' competing breach of contract claims. Seiwert appeals from a general judgment.

> A general judgment will be affirmed if it can be sustained upon any legal theory consistent with the evidence. In making that determination we neither reweigh the evidence nor judge the credibility of witnesses. Rather, we consider only the evidence most favorable to the judgment together with all reasonable inferences to be drawn therefrom. In reviewing a general judgment, we must presume the trial court correctly followed the law. A general judgment will be affirmed unless the

> uncontradicted evidence leads to a conclusion opposite that reached by the trial court.

*Conseco Fin. Servicing Corp. v. Friendly Vill. of Indian Oaks*, 774 N.E.2d 87, 92 (Ind. Ct. App. 2002) (internal citations omitted).

[6] Seiwert does not dispute that she instructed Brown to stop work or that she did not pay Brown for the work completed. Nevertheless, Seiwert argues that the trial court should have found that it was Brown who first breached the parties' contract. In making this argument, Seiwert does not assert that the gutters were not properly affixed to the home or that the gutters did not function properly. She merely claims that Brown damaged the aesthetics of the gutters during the installation process. Specifically, Seiwert asserts that she expected Brown to "ensure [that] the money [she] spent resulted in adding aesthetic value to her home." Appellants' Br. p. 22. The trial court considered the evidence presented by the parties and determined that the alleged damage to the aesthetics of the gutters did not amount to a breach of the parties' contract. Seiwert has failed to convince us of such on appeal. As such, given that Seiwert does not dispute that she both instructed Brown to stop work before the downspouts were installed and failed to pay for the installation of the gutters,

we conclude that the trial court did not err in finding that Seiwert breached the parties' contract.[2]

[7] The judgment of the trial court is affirmed.

Baker, J., and Kirsch, J., concur.

---

[2] Seiwert also raises the issue that the trial court erred in failing to specifically address her counterclaim in its ruling. We see no merit in this argument in that the trial court's ruling implicitly rejects her counterclaim.